# Price v. The State.

*Indictment for Disturbing Public Worship.*

1. *Defendants declaration admissible to show offense was committed wilfully.*—Declarations of defendant on going to church, and after his arrival there, that "I am going to stay here until I get satisfaction";

"I am going to have satisfaction,"—are admissible to support a charge of wilful violation of the statute against disturbing public worship.

2. *General exception to charges requested as a whole.*—When several charges, part only of which should be given, are requested as a whole and the exception to the refusal thereof is general, such refusal is not available as error.

APPEAL from the Circuit Court of Henry.
Tried before the Hon. JESSE M. CARMICHAEL,

R. H. WALKER, for the appellant.

WM. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of disturbing public worship. The evidence showed a meeting of the congregation at church for the purposes of worship. Bad feeling existed between the defendant and a member of the church, and on the church yard and within the house, there was, as the evidence tended to show, angry words and a hostile demonstration by the defendant. Against the objection and exception of the defendant the State was permitted to prove, that on the morning of the day of the difficulty, before going to church and after he had arrived in the church, the defendant replied to statements of others, "I am going to stay here until I get satisfaction;" "I am going to have satisfaction." The declarations made before and after he had reached the church, were evidence tending directly to support the charge of a wilful violation of the statute.

The defendant requested the court to give charges numbered from one to four. The record shows they were asked as a whole. There was but one exception, as follows; "to the refusal to give which the defendant excepted." When charges are requested in this manner unless all should be given, it is not error to refuse the whole. The fourth charge, which precedes the only exception reserved, was the general affirmative charge in favor of the defendant. There was ample evidence, if believed by the jury, to justify a conviction, and that charge was properly refused. If we consider the charges as separate and independent of each other, then there was no exception to the refusal of the court, to give the

first three instructions. In either view there is no error in the record available to the defendant.

Affirmed.