[Adair v. The State.]

# Adair *v*. The State.

## *Indictment for Disturbing Religious Worship.*

1. *Indictment for disturbing religious worship; admissibility of evidence.*—On a trial under an indictment for disturbing religious worship, where it is shown that the assemblage of people charged to have been disturbed had met for an "all day singing and preaching," it is competent for the State to introduce in evidence the conduct and declarations of the defendant at different times covering the period occupied in the singing exercises and preaching; such evidence tending to show willfulness on the part of the defendant in the doing of any act which disturbed the assemblage.

2. *Same; what persons constitute a part of an assemblage; question for the jury.*—Under an indictment for disturbing religious worship, where it is shown that the assemblage of people charged to have been disturbed had met for the purpose of holding singing and preaching exercises, and the only evidence of any disturbance was of persons without the house where the exercises were conducted, whether such persons at the time of the alleged disturbance constituted a part of the assemblage met for religious worship is a question of fact for the determination of the jury.

3. *Same; same; same.*—In such a case, if the persons without the house had separated themselves from those within and no longer participated in the religious exercises for which the congregation had met, and had no intention to again participate therein, and were engaged in the discussion of other matters, then the disturbance of one of more of such persons would not come within the prohibition of the statute; but the separation or withdrawal from the assemblage of one or more persons temporarily and for personal comfort or the like, with the intention of returning, they still being at the place of worship, constitute such person or persons a part of the assemblage, and their disturbance is within the prohibition of the statute.

4. *Same; what constitutes offense.*—An assemblage of persons met solely for the purpose of instruction as to how to be able to sing religious songs, is not an assemblage met for purposes of religious worship, within the meaning of the statute, prohibiting the disturbing of religious worship. (Code, § 4654.)

[Adair v. The State.]

5. *Disturbing religious worship; charge to the jury.*—On a trial
    under an indictment for disturbing religious worship, a
    charge is erroneous and properly refused which instructs the
    jury that "disturbance of some person or persons at or near
    an assemblage met for purpose of religious worship who is
    not at the time taking any part in the worship nor giving any
    attention thereto would not constitute a disturbance of the as-
    semblage."

6. *Same; same.*—On a trial under an indictment for disturbing re-
    ligious worship, a charge is erroneous and properly refused
    which instructs the jury that "the presumption in case of
    this character is that persons sitting on the outside of a
    house in which an assemblage is met for the purpose of re-
    ligious worship engaged in conversation not connected with
    the religious worship are not part of the assemblage;" the
    law indulging no such presumption as stated in said charge.

7. *Misleading and argumentative charges* are properly refused.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

The facts of the case are sufficiently stated in the
opinion. In addition to the portion of the charge copied
in the opinion, to which the defendant separately ex-
cepted, the defendant separately excepted to the follow-
ing portions of the court's general charge: (B.) "If a
person retires from the meeting for purpose of his own
with the intent of returning, he continues a part of the
assemblage." (C.) "If a person in an assemblage wants
a drink of water and goes to a convenient spring inted-
ing to return, he continues a part of the assemblage, and
a disturbance of him while out for such purpose would
be a disturbance of the assemblage." (D.) "If any one
person in an assemblage met for religious worship is
disturbed, then the law says the assemblage is dis-
turbed." (E.) "Disturbing a member of that congre-
gation does not mean exciting him but only directing
his attention from the purpose of the assemblage."

The defendant requested the court to give to the jury
the following written charges, and separately excepted
to the court's refusal to give each of them as asked: (1.)
"If the jury believe the evidence in the case, they must
find the defendant not guilty." (2.) "The court charges
the jury that if only the persons outside the house were

[Adair v. The State.]

disturbed, and if at the time they were not a part of the assemblage met for the purpose of religious worship, then this would not warrant the conviction of the defendant." (3.) "The statute against disturbing religious worship is not intended to protect loiterers in the vicinity of an assemblage met for religious worship." (4.) "The court charges the jury that the disturbance of one or more persons loitering about a house where an assemblage is met for the purpose of religious worship would not constitute a disturbance of the assemblage." (5.) "Disturbance of some person or persons at or near an assemblage, met for the purpose of religious worship who is not at the time taking any part in the worship, nor giving any attention thereto, would not constitute a disturbance of the assemblage." (6.) "Persons on the outside of the house talking among themselves about other matters and not about the purpose of the assemblage, and paying no attention to the assemblage, would not be a part of the assemblage, and a disturbance of such persons only would not constitute a disturbance of the assemblage." (7.) "Loiterers and idlers on the outside of a house in which is met an assemblage for religious worship who are not paying any attention to the services, are not part of the assemblage." (8.) "The court charges the jury that the presumption in case of this character, is that persons sitting on the outside of a house in which an assemblage is met for the purpose of religious worship, engaged in conversation not connected with the religious worship, are not part of the assemblage." (9.) "The court charges the jury that disturbing one or more persons on the outside of the house who were loitering on the outside, and not engaging or participating in any wise with the service would not constitute a disturbance of the assemblage." (10.) "The court charges the jury that persons loitering on the outside of a house in which is met an assemblage for the purpose of religious worship, are presumed not to be any part of the assemblage, and the burden of proving such persons a part of the assemblage is on the State and the State must prove this beyond all reasonable doubt." (11.) "The court charges the jury that proof of disturbance

[Adair v. The State.]

of one or more persons in the vicinity of an assemblage met for the purpose of religious worship, does not constitute a disturbance of the assemblage unless the evidence shows beyond all reasonable doubt that at the time such person or persons were disturbed, they were a part of the assemblage, and to constitute them such the State must prove beyond all reasonable doubt that they were at the time met for the purpose of religious worship, or that they were on their way to or from the assemblage, or that they were at the time *bona fide* engaged in doing something connected with the purpose of the assemblage."

From a judgment of conviction the defendant appeals.

STREET & ISBELL, for appellant, cited *McPherson v. State*, 54 Ala. 211; *Elam v. State*, 26 Ala. 48; *Peacher v. State*, 61 Ala. 22; *Bonham v. State*, 65 Ala. 456; 9 Am. & Eng. Ency. of Law (2d ed.) 665; *Brown v. State*, 46 Ala. 175.

CHAS. G. BROWN, Attorney-General, for the State. It is not necessary that the whole congregation be disturbed, the disturbance of one or a few is sufficient.— 2 McClain Cr. Law, § 1126, p. 202; 2 Bish. New Cr. Law, Sec. 309 par. 2; *Cockreham v. State*, 7 Hump. 11; *State v. Wright*, 41 Ark. 410; *Johnson v. State*, 92 Ala. 83; *Lancaster v. State*, 53 Ala. 399; *Kinney v. State*, 38 Ala. 224.

The whole conduct of the defendant during the time and his declarations were admissible in evidence to show his animus, and the willfulness of his conduct. It was no case for an election.—*Price v. State*, 107 Ala. 162.

The charges requested by the defendant were properly refused.—*Johnson v. State*, 92 Ala. 83; *Williams v. State* 83 Ala. 68; *Goulding v. State*, 82 Ala. 48; *Morris v. State* 84 Ala. 457.

DOWDELL, J.—The defendant was tried and convicted on an indictment for disturbing religious worship.—Crim. Code, § 4654. The assemblage of people charged to have been disturbed, as stated in the bill of

exceptions, had met "for an all day singing and preaching;" the singing occupying the forenoon and a part of the afternoon, until 3 o'clock, when the preaching began, with an intermission between the singing exercises and the preaching. The State, on the trial, was permitted to show, against the objection of the defendant, the conduct and declarations of the defendant at different times, covered by the time occupied in the singing exercises and preaching. Evidence tending to show wilfullness on the part of the defendant in the doing of an act causing the disturbance, is relevant and competent.—*Price v. State,* 107 Ala. 162. There was no error in the rulings of the court, as the purpose of the evidence objected to, was to show willful misconduct, and such was its tendency. There was no election made by the State as to which act of the defendant as causing the disturbance or interruption it would prosecute for, and even if there had been, such election would not affect the question of the competency and relevancy of the evidence as tending to show willfulness in the doing of the act relied on as causing the disturbance.

There was no pretense of a disturbance of any person of the assemblage, within the house, where both the singing exercises and the preaching were had. The only evidence of any disturbance, was of persons without the house. Whether these persons at the time of the alleged disturbance constituted a part of the assemblage met for religious worship, was a question of fact for the determination of the jury. If the persons without the house had separated themselves from those within, who were engaged in religious worship, and no longer participated in the purposes for which the congregation had met, but had wholly disconnected themselves from the assemblage with no intention of again participating in the purposes of the meeting, and were engaged in the discussions of other matters, all of which being questions of fact to be determined by the jury from the whole evidence, then the disturbance of one or more of such persons, would not come within the prohibition of the statute. Charge 2 requested by the defendant, hypothesizing all of these facts, correctly stated the law, and its refusal was error. We are not to be understood as as-

serting that a separation or withdrawal from the congregation by one or more persons of the congregation temporarily, and for personal comforts, or the like, and with the intention of returning, and in the language of the statute, still being at or near the place of worship, would constitute such persons or persons not a part of the assemblage. So long as such persons form a part of the assemblage, though temporarily separated from the congregation, being still in close proximity, they are within the protection of the statute.

The court in its oral charge to the jury, among other things, stated, "that if the assemblage was met for the purpose of instruction as to how to be able to sing religious songs, then that was an assemblage met for religious worship, and one is a member of that assemblage if present, whether he is in the house or out of it." This was a distinct and substantive statement of a legal proposition, and is not limited or modified in any way, when taken in connection with other portons of the general charge. It cannot be affirmed as matter of law that a meeting together of persons solely for the purpose of "*instruction as to how to be able to sing* religious songs" constitutes an assemblage met for the purpose of religious worship. If the purpose of the meeting be solely for *instruction* in the art of singing, although confined to the singing of sacred songs, this would not be an assemblage met for religious worship within the meaning of the statute under which the indictment was preferred.

There is no merit in the exceptions reserved to other portions of the general charge.

Charges 3, 4, 7, 9, requested by the defendant were misleading. Besides the mere fact of loitering would not necessarily disassociate the loitterers from the assemblage met for religious worship. Charge 5 misstates the law. If the persons disturbed were a part of the assemblage met for religious worship, whether at the time taking part in the service or not, it would be a violation of the statute. Charge 6 was misleading and argumentative, and was therefore properly refused. Charges 8 and 10 are faulty and were properly refused.

The law indulges no such presumption as that stated in the charges. Charge 11 was clearly misleading and was properly refused. Moreover, it was not necessary that the persons disturbed should have been *bona fide* engaged in doing something connected with the purpose of the assemblage.

For the errors pointed out the judgment of the court must be reversed and the cause remanded.