# McGuire *v.* The State.

*Violating Prohibition Law.*

(Decided Nov. 30, 1911. 57 South. 57.)

1. *Witnesses; Impeachment; Bad Character*—A witness may be impeached by mere proof of general bad character, but such proof is admissible only for the purpose of impeachment.

2. *Same.*—When a defendant had testified in his own behalf his testimony may be impeached by showing not only that he is a person of general bad character, but that he has been convicted of crimes involving moral turpitude, has made contradictory statements, etc.; but proof of general bad characted must be limited to the purpose of impeachment.

[McGuire .v. The State.]

3. *Same.*—Where a defendant testifies in his own behalf, and offers evidence of his general good character, such evidence can only be considered, in connection with the other evidence, in determining his guilt or innocence, and may not be considered ·in passing on the question of his credibility, although evidence of his general bad character has been offered for the purpose of impeaching his testimony.

4. *Charge of Court; Applicability to Evidence.*—Where evidence is admissible for one purpose only, the instructions bearing on such evidence should restrict it ·to such purposes.

5. *Same; Misleading.*—Where the defendant testified in his own behalf and the state had introduced evidence of his general bad character, a charge asserting that the law does not hold that a man of bad character cannot tell the truth, but does hold that a man of bad character is more apt to violate the law and to testify falsely than a man of good character, was misleading in that under it, the jury could consider the impeaching testimony not alone upon the credibility of the defendant's testimony, but also on the substantive question of his guilt.

6. *Same.*—The court having charged that the jury might consider the testimony of the state as to the general bad character of the defendant, who testified in his own behalf, not only on the question of his credibility, but on the question of his guilt, it was error to refuse a charge asserting that the character of the defendant was not involved further than in considering the weight to be given his evidence.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Harve McGuire was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. The court erred in not confining the evidence of the defendant's general bad character. to the question of his credibility as a witness, and in charging the jury that a man of general bad character was more· apt to violate the law than one of good character, and also in refusing to instruct the jury that they could consider proof of his general bad character for the purpose of impeachment only.—*Ward v. The State*, 28 Ala. 5; *Byars v. The State,* 105 Ala. 31; *Gibson v. The State*, 89 Ala. 121; *Williams v. The State*, 81 Ala. 1. Counsel discuss the power of the. appellate court to revise the discretion of the lower

court in adding hard labor as a punishment, and cite authority in support of their contention, but we deem it unnecessary to here set them out.

R. C. BRICKELL, Attorney General and WM. L. MARTIN, Assistant Attorney General for the State.—The court did not err in its rulings in the admission of evidence of the general bad character of the defendant, nor in the charges given or refused, as the defendant had testified as a witness in the case.—*Ward v. The State*, 28 Ala. 53; *Bir. R. Co. v. Hale*, 90 Ala. 811; *McInery v. Irvin*, 90 Ala. 275; *Mitchell v. The State*, 94 Ala. 68; *Jones v. The State*, 96 Ala. 102; *McDaniel v. The State*, 97 Ala. 14; *Fountain v. The State*, 98 Ala. 40; *Hicks v. The State*, 99 Ala. 169; *Byers v. The State*, 105 Ala. 31; *Yarborough v. The State*, 105 Ala. 43 *Buchanan v. The State*, 109 Ala. 710; *Fields v. The State*, 121 Ala. 16; *Ross v. The State*, 139 Ala. 144; *Mitchell v. The State*, 148 Ala. 618.

DE GRAFFENRIED, J.—In the case of *Ward v. State*, 28 Ala. 53, Mr. Justice, afterwards Chief Justice, Stone in an able dissenting opinion states that, to preserve the harmonies of the law, evidence as to character introduced for the purpose of impeaching a witness should be confined to general evidence affecting his credit for veracity, and that evidence of the general bad character of the witness should not be allowed. The majority of the court, however, held that the law makes no such restriction, but allows a broader inquiry into general character. The broader inquiry is allowed, not that the jury may consider such evidence of general bad character of a witness for any purpose other than for the purpose of ascertaining the weight to be given his testimony, but because "it would be unjust that a wit-

ness who has made no general character as to truth, but whose general character is notoriously bad and infamous, should find such protection by a restriction which might enable him to obtain equal credit with a man of unsullied general character."—Rice, C. J., in *Ward v. State, supra.*

The above case has, since its rendition, been uniformly followed, and the settled rule in Alabama is that, for the purpose of impeaching a witness, general bad character simply may be proved, without asking the further question of the impeaching witness, if he would believe the party sought to be impeached on oath in a court of justice.—*Byers v. State,* 105 Ala. 31, 16 South. 716.

A defendant who testifies as a witness in his case may be impeached in the same manner as other witnesses by showing that he has been convicted of crime involving moral turpitude, that he has made contradictory statements, or that he is a person of general bad character.—*Thompson v. State,* 100 Ala. 70, 14 South. 878. While the above is true, the evidence of general bad character of a witness is, of course, as above stated, admissible for the purpose of impeachment, and for no other purpose; and, as the general bad character of a defendant who has not offered previous evidence of his general good character can only be introduced by the prosecution when the defendant testifies in his case as a witness, such evidence of the general bad character of the defendant is admissible for the purpose of impeaching him as a witness and for no other purpose.

When a defendant testifies as a witness in his own behalf, and then offers, affirmatively, evidence of his general good character, such evidence cannot be considered by the jury to support or sustain the testimony given by him; for in such a case the jury can only consider his testimony as if there was no evidence of his general

good character. In other words, under such a state of facts, the evidence of the general good character of the defendant can only be considered by the jury, along with the other evidence in the case, in passing on the question of the guilt vel non of the defendant, and cannot be considered by them in passing on the question as to his credibility as a witness, and charges to that effect will be upheld.—*Gibson v. State,* 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96.

The sum and substance of the whole matter is that, when evidence is admissible for one purpose and one purpose only, justice requires that it shall be restricted to the purpose for which it is admitted.—*Williams v. State,* 81 Ala. 1, 1 South. 179, 60 Am. Rep. 133.

In the present case the defendant testified as a witness in his own behalf, and offered no evidence tending to show that he was a man of general good character. The state then introduced evidence of his general bad character, which, under the authorities above cited, was admissible for the purpose of affecting his credibility as a witness. The defendant, while this evidence was being introduced, undertook to induce the court to limit the testimony on the subject of character, to his general character for truth and veracity, but the court refused to so limit the testimony, and in this the court committed no error.—*Ward v. Sate, supra; Byers v. State, supra.*

In its oral charge to the jury the court, on the subject of the defendant's character, used the following language: "Several witnesses have been introduced by the state who have testified that the defendant is a man of bad character. I recall no witness offered by the defendant to rebut this testimony by undertaking to prove a good character for the defendant. Gentlemen, the law does not say that a man of bad character can't or won't tell the truth, but does hold that a man of bad charac-

[McGuire v. The State.]

ter is more apt to violate the law, more apt to testify falsely than a man of good character. The test is whether or not this witness has testified truthfully or falsely. In this case you, and you only, can determine that by looking at all the evidence and all the circumstances surrounding the whole transaction." The defendant excepted to the above part of the oral charge of the court as a whole, but, as it was certainly good in part, the exception was not well taken.—*Alston v. State,* 109 Ala. 51, 20 South. 81. The charge certainly had a misleading tendency, however, because from the expression that the law "does hold that a man of bad character is more apt to violate the law," considered in connection with the other parts of the charge, the jury may have inferred, and probably did infer, that they had the right to consider the impeaching testimony, not only on the question of defendant's credibility, but on the substantive question of the probability of his guilt.

Before the jury retired, the defendant requested the court, in writing, to give the following charge to the jury: "I charge you that the defendant's character is not involved in the decision in this cause further than in considering how much weight you may give to the defendant's evidence." We have frequently held that the trial court will not be reversed because of an elliptical expression in its oral charge, or because such a charge might possess a misleading tendency, but that the remedy of the party aggrieved is to ask an explanatory charge.—*B. R. L. & P. Co. v. Murphy,* Infra, 56 South. 817. The above charge requested by the defendant constituted an effort on his part to have the misleading tendency of the quoted portion of the oral charge corrected, and while the charge, under circumstances not presented by this record, might have been refused, nevertheless, in view of all the evidence in this

case and of the misleading tendency of the oral charge of the court as to the effect of the evidence of the bad character of the defendant, we are of the opinion that the charge should have been given to the jury.

We have considered all the other questions presented by the record, and they are without merit.

For the error pointed out, this case is reversed and remanded.

Reversed and remanded.