# Fowler *v.* The State.

## *Manslaughter.*

(Decided June 16, 1913.  63 South. 40.)

1. *Jury; Capital Cases; Selection.*—Under section 32, Acts 1909, p. 317, a minute entry showing that the court caused the jury box to be brought in, and in open court drew from said box fifty names, making, with those of the regular jurors for the week in which the case was set, seventy jurors, from whom the jury was to be selected, was equivalent to an order of the court fixing seventy as the number of the special venire.

2. *Same; Summoning.*—The statutory requirement that the court cause an order to issue to the sheriff to summons all persons therein named has reference to the names drawn from the jury box, and does not require the court to order the sheriff to resummon the regular jurors already .summoned for the week set for the trial.

3. *Courts; Decisions Governing.*—Where it appears that the errors assigned in the Court of Appeals as to rulings on the evidence, are identically the same as errors assigned on the appeal of a codefendant jointly indicted but separately tried, and such assignments are distinctly passed upon by the Supreme Court in the other case, its rulings are binding on the Court of Appeals, and the questions are not open to consideration by this court.  (Section 10, Acts 1911, p. 100.)

4. *Evidence; Opinion.*—A statement as to the kind of report made by a firearm, that it went like a rifle, was but a mere identification by the witness of the sound heard, a description of a fact of which he was a witness, and was not an opinion.

5. *Same; Res Gestae.*—An exclamation by the deceased immediately after he was shot is admissible as part of the res gestae.

6. *Charge of Court; Covered by Those Given.*—It is not error to refuse instruction where the propositions asserted, so far as correct, were substantially covered by a previous written charge given.

7. *Witnesses; Examination; Cross; Co-defendant.*—Where a defendant was jointly indicted for murder with others, but separately tried, the solicitor could, on cross examination of one of the codefendants, properly propound this question: "And you all never went to Shelt, the deceased, but cleaned out the road and left him there?" as such question might have elicited testimony shedding light on the attitude and intention of defendant.

APPEAL from Anniston City Court.

Heard before HON. THOMAS W. COLEMAN, JR.

[Fowler v. The State.]

John Fowler was convicted of manslaughter, and he appeals. Affirmed.

TATE & ARNOLD, and KNOX, ACKER, DIXON & STERNE, for appellant. The court's order was not sufficient either as fixing a proper venire or as requiring the proper order to issue to the sheriff for summoning the venire. —Sec. 32, Acts 1909, p. 317. Counsel discuss the propositions of evidence assigned, but without citation of authority. They insist on the authority cited in brief in the case of *Eaton v. State, infra,* that there was error in the refusal to give the written charges requested.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The minute entry setting the day for trial drawing the jury, and ordering the sheriff to summon them was in substantial compliance of the statute.—Acts 1909, p. 317. On the authorities cited in their brief in the case of *Eaton v. State, infra,* they insist that the court is not in error in its ruling on the evidence, or in refusing charges requested by defendant.

WALKER, P. J.—The court's minute entry, after reciting its order fixing the day for trial of the case, contained the following: "And thereupon the court caused the jury box to be brought into court, and in open court drew from said jury box 50 names, making, with those of the regular jurors drawn and summoned for the week in which this case is set for trial, 70 jurors, from whom the jury to try this case shall be selected." This statement plainly evidences what amounts to an order of the court fixing at 70 the number to constitute the special venire for the trial of the case. The suggestion that there was any failure of the court to comply with the

requirement of the statute (Acts of Ala. Special Session 1909, § 32, pp. 318, 319) in this particular is extremely hypercritical.

We are of opinion that the clause of the same section of the statute, which requires the court to "cause an order to be issued to the sheriff to summon all persons therein named," etc., has reference to the names drawn from the jury box in open court to make up the number required for the special venire. The language of the statute is not such as to require the court to order the sheriff to resummon the regular jurors drawn and summoned for the week set for the trial. The process already executed upon them required their attendance for service as jurors during that week. The provision in the same clause of the statute for causing service upon the defendant of "a list of the names of all jurors summoned for the week in which the trial is set, and those drawn as provided in this section," indicates that the former have already been summoned in the only way contemplated by the statute, while the latter have been only drawn or selected, and may yet remain to be summoned. The court was not in error in failing to order the sheriff to resummon the regular jurors already drawn and summoned for the week set for the trial.

By the judgment appealed from, the appellant was adjudged to have been a guilty participant in the fatal affray which was the subject of investigation in the cases of *Pearce v. State*, 4 Ala. App. 32, 58 South. 996, and *Kennedy v. State* (Sup.) 62 South. 49. In the brief of his counsel considerable space is devoted to discussions of rulings on questions of evidence which are substantially identical with rulings made in the trial of William Kennedy, who was jointly indicted with the appellant, and who was tried separately. Before the submission of this case in this court these rulings were distinct-

[Fowler v. The State.]

ly passed on by the Supreme Court in the opinion rendered in affirming the conviction in the *Kennedy Case.* —*Kennedy v. State, supra.* This fact was not in any way mentioned or referred to in the brief of the counsel for the appellant, which repeats arguments which were unsuccessfully advanced by them in the Supreme Court in the *Kennedy Case,* and which does not suggest the existence of any such difference between the facts of the two cases as would warrant different conclusions as to the rulings in question. In contending that those rulings constitute grounds for a reversal of the judgment of conviction now under review, the counsel in effect seek to induce this court to disobey the plain mandate of the statute creating it that the decisions of the Supreme Court shall govern its holdings and decisions. —Acts of Ala. 1911, pp. 95, 100, § 10. This conduct of counsel cannot be passed by without an expression of the court's disapproval of it. The contentions made as to the rulings referred to do not present questions which are open for consideration in this court.

The court was not in error in its rulings in reference to the question asked the witness Leon Dyer as to the report made by the first firearm which was fired, and to the answer made to that question. The answer elicited by the question was, "It went like a rifle." This was a mere identification by the witness of the sound of firing first heard by him, a description of a fact of which he was a witness. Such a statement by a witness in reference to such a matter is not inadmissible opinion evidence.—*Southern Railway Co. v. Proctor,* 3 Ala. App. 413, 57 South. 513; *Smith v. State,* 137 Ala. 22, 34 South. 396; Jones on Evidence, §§ 360, 361. The law recognizes that a rule of evidence which would confine an ordinary witness to a description of a sound sought to be proved, and prohibit his stating what the sound heard by him

was, would often result in depriving the jury of the only practicable means of ascertaining the truth on such an inquiry.

The testimony as to an exclamation made by the deceased immediately after he was shot was admissible as being in reference to a fact constituting a part of the res gestæ of the occurrence under investigation.

The court properly overruled the objection made to the question asked by the solicitor on the cross-examination of the witness John Eaton: "And you all never went to Shelt [the deceased], but cleaned out the road and left him there?" The question was such a one as might elicit testimony which would shed light on the attitude and intentions of the defendant and those with whom he co-operated in taking part in the fatal affray.

Conceding that either of the written charges which were refused to the defendant was such a one as might properly have been given, yet the refusal of the court to give it does not constitute a ground of reversal, as the propositions asserted, so far as they are correct, were substantially covered by written charges which were given at the defendant's request.

No reversible error is found in the record.

Affirmed.