# Hardeman *v.* The State.

### Robbery.

(Decided February 8, 1916.   70 South. 979.)·

1. **Evidence; Res Gestae.**—Where the theory of the state was that defendant had fallen in with the victim of the robbery about an hour before, and had remained with him until the robbery, evidence that defendant had asked the victim of the robbery to go to a certain place to get some whisky, and that they had bought whisky, and that the victim in paying for it had exhibited the money of which he was afterwards robbed, was admissible as part of the res gestae.

[Hardeman v. The State.]

2. Same.—To be admissible as parts of the res gestae, acts or declarations must have been done or made at the time of the occurrence of the main facts, must have a tendency to elucidate it, and must so harmonize with it as to obviously constitute one transaction; but it is not essential that they should be precisely concurrent in point of time with the main transaction.

3. Evidence; Opinion; Shorthand Statement.—Where the question was "What did the lick sound like?" the answer that the lick sounded like a noise made by someone hitting another with a board, was not an opinion, but the shorthand rendering of a physical fact.

4. Charge of Court; Singling Out Evidence.—A charge asserting that if the victim robbed was on the private premises of defendant that night, and was ordered to leave, and refused to do so, he became a trespasser, singled out and gave undue prominence to a part of the evidence and was properly refused.

5. Robbery; Defense; Trespass.—The mere fact that the person robbed was trespassing upon defendant's premises, did not justitfy defendant in robbing him.

6. Same; Instruction.—A charge that if defendant had had chickens stolen from his premises a few nights previous to the robbery, and defendant thought someone was attempting to steal them when he went out about the time of the robbery, he had a right to act on the reasonable appearance of things, was too vague and misleading to authorize a reversal because of its refusal.

7. Charge of Court; Reasonable Doubt.—A charge basing an acquittal upon the doubt or uncertainty of defendant's guilt on the part of the jury, and not upon a reasonable doubt in their minds as to his guilt, was properly refused.

APPEAL from Jefferson Criminal Court.

Heard before Hon. W. E. FORT.

Will Hardeman was convicted of robbery, and he appeals. Affirmed.

The offense is alleged to have been committed upon one Crawford Sanders The facts sufficiently appear in the opinion. The following charges were refused the defendant: A. I charge you that if you believe from the evidence that Crawford Sanders was on the private premises of defendant that night, and that he was ordered to leave by the defendant, and refused to do so, then, from that moment, said Sanders became a trespasser.

B. I charge you that if you believe from the evidence that defendant had chickens stolen from his premises a few nights before the alleged robbery, and that he reasonably thought that some one was attempting to steal his chickens when he went out at or about the time of the alleged offense, he had the right to act on the reasonable appearance of things, considering all the facts and circumstances of the case.

[Hardeman v. The State.]

C. I charge you that defendant is presumed to be innocent of the crime charged, and this presumption goes with him throughout the trial, and is to be taken by you along with all the evidence in the case, both for the state and for the defendant, and your own common knowledge and experience, and then if your minds are left in a state of doubt and uncertainty, then your duty is to acquit defendant.

No counsel marked for appellant. W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—Appellant was convicted of robbery. During the examination of a state's witness by the solicitor, the defendant objected to the introduction of testimony going to show what transpired between the defendant and the party alleged to have been robbed, prior to the actual robbery.

(1, 2) It was the state's theory, borne out by the evidence, that the offense was committed about 9:30 or 9:45 of a certain evening, and that the defendant, about an hour before this time, had met up with one Sanders, the person robbed, and was with him continuously until the commission of the offense. The state, over the objection of the defendant, was permitted to show by the testimony of a state's witness that, at the time of this meeting, the defendant had asked Sanders to go to a certain house to get some whisky, and further permitted the witness to testify that they bought whisky at this place, and that Sanders paid for same, and in so doing exhibited the money, of which he was afterwards robbed. To the questions eliciting all of this evidence, the defendant objected on the ground that it was not a part of the res gestæ.

It is impossible "to lay down a general rule as to the acts or declarations which will be received as forming part of the res gestæ. Each case is dependent in a great degree on its peculiar facts and circumstances. Such acts or declarations as are thus received must have been done or made at the time of the occurrence of the main fact, must have a tendency to elucidate it, and must so harmonize with it as obviously to constitute one transaction. It is not essential that they should be precisely concurrent in point of time with the main fact; if they spring out

of the transaction; if they elucidate it; * * * they are regarded as contemporaneous with the main facts."—*Wesley v. State,* 52 Ala. 182, 187. "Time alone is not a determining criterion when the question is whether a thing said or done is a part of a given transaction."—*Domingus v. State,* 94 Ala. 9, 11 South. 190.

It was necessary to a correct understanding of the offense charged that the continuous acts leading up to it be presented in evidence. These incidents were as much a part of the res gestæ as the actual robbery. The actions of the defendant just prior to and leading up to the act in question tended to elucidate his conduct at the time of the robbery, and were the accompaniments of the main transaction, explanatory of the conduct and purpose of the parties.

(3) Appellant objected to a question propounded to a witness for the state, asking, "What did the lick sound like?" The court did not err in overruling the objection and permitting the witness for the state to testify that the "lick sounded like a noise made by somebody hitting another with a board." This is but a mere shorthand rendering of a physical fact.

"The general rule is, that witnesses must testify to facts, and are not permitted to express mere matters of opinion. The rule has its boundaries and exceptions, which are as well defined as the rule itself. Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or, if, from the nature of a particular fact better evidence is not obtainable, the opinion of a witness, derived from observation is admissible."—*Mayberry v. State,* 107 Ala. 64, 67, 18 South. 219.

See, also, the case of *Fowler v. State,* 8 Ala. App. 168, 171, 63 South. 40, where this court held that it was not error to permit a witness to testify to the report made by a firearm being like a rifle shot.

(4, 5) Charge A was properly refused, if for no other reason, because it singles out a part of the evidence. The mere fact that Sanders was a trespasser did not authorize the defendant to rob him; and whether or not he was a trespasser was not an issue in the case.

(6) Charge B is vague and misleading. Defendant was charged with robbery, and there was no reasonable appearance

[Lockhart v. The State.]

of things that could have justified him in robbing the person assaulted.

(7) Charge C is bad, in that it bases an acquittal upon the jury entertaining a doubt or uncertainty of guilt, and not a reasonable doubt.

We find no error in the record.

Affirmed.