## CULPEPPER v. STATE. (4 Div. 893.)

(Court of Appeals of Alabama. June 30, 1923. Rehearing Denied Oct. 16, 1923.)

**1. Intoxicating liquors ⊜238(2)—Affirmative charge for defendant on conflicting evidence properly refused.**

In a prosecution for distilling prohibited liquors, where the testimony as to defendant's participation in the operation of the still was conflicting, the court properly refused the affirmative charge for defendant.

**2. Criminal law ⊜815(9)—Charges as to necessity of belief that defendant made beer properly refused, as pretermitting consideration of evidence as to making whisky.**

In a prosecution for distilling, charges that, to convict, the jury must believe that defendant made the beer, *held* properly refused, as pretermitting consideration of undisputed evidence as to whisky found at the still.

**3. Criminal law ⊜1172(8)—Court's action on charges referring to count on which defendant was acquitted not considered.**

Where the jury found defendant guilty as charged in the first count, thereby acquitting him of the charge in the second count, the court's action on charges referring to the second count need not be considered.

**4. Intoxicating liquors ⊜236(19)—Conviction of distilling sustained.**

Evidence *held* sufficient to sustain a conviction of distilling.

Appeal from Circuit Court, Bullock County; J. S. Williams, Judge.

Kirk Culpepper was convicted of distilling, and appeals. Affirmed.

Charges 2 and 3, refused to defendant, are as follows:

"(2) In order to warrant a conviction under count 1 of this indictment, the jury must believe beyond all reasonable doubt that the defendant either made or caused to be made the beer found at the pasture branch referred to in this case.

"(3) The mere presence of the defendant at or near the still is not of itself sufficient to warrant his conviction, and unless the jury believe from the evidence that the defendant actually made the beer in question, he cannot be convicted under count 1 of the indictment."

Blue & Blue, of Union Springs, for appellant.

Counsel argue for error, but cite no authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. From a judgment of conviction for distilling, making, or manufacturing alcoholic or spirituous liquors or beverages contrary to law, defendant appeals. The rulings of the court upon the admission of testimony are so clearly free from error we shall refrain from a discussion of the exceptions reserved in this connection.

[1] The principal insistence of error is based upon the refusal of the court to give, at the request of defendant, the general affirmative charge. It is contended that there was no evidence before the jury to warrant the conviction of defendant under count 1, the distilling count. The testimony without conflict was to the effect that at about 11 o'clock on the night of June 13, 1922, the state's witnesses found a still in operation with whisky running therefrom, and also found six half-gallon jars of whisky at the still on the land rented by defendant and near his house. No one was present at the still when they first found it, so they secreted themselves near by and waited and watched until after 6 o'clock next morning, at which time they saw this defendant and one Stewart go to the still, coming from direction of defendant's house. The state's testimony also tended to show that they saw this defendant a few minutes after that with a chunk of lightwood, going around the branch, and they heard the lightwood hit the ground at the still; that a fire had been started in the furnace under the still, and when they saw the smoke they slipped up closer, and saw this defendant and the other man dipping the beer out of one of the barrels into a tin tub and "toting" it to the still.

There was other testimony, incriminating in its nature, which tended to connect this defendant with the operation of the still. The defendant admitted his presence at the still, but insisted that he was not participating in its operation and had nothing to do with it. A conflict in the testimony was thus apparent, and the court properly submitted the case to the jury for its determination. No error appeared, therefore, in the refusal of the affirmative charge requested by defendant as to count 1.

[2] Charges 2 and 3 were also properly refused. These charges confined the jury to a consideration of the testimony as to the making of the beer only, which was there found in large quantities. They pretermitted a consideration by the jury of the evidence as to the whisky shown to have been found at the still by the undisputed testimony.

[3] Charges 4, 5, and 6 refer to the second count of the indictment, as does also the exception reserved to the oral charge of the court. As the verdict of the jury found the defendant guilty as charged in the first count of the indictment, their verdict operated as an acquittal of the defendant upon the charge contained in the second count; therefore the court's action in this connection need not be considered.

[4] Our opinion is that the case was properly submitted to the jury, and that there was ample evidence to warrant the verdict and to support the judgment.

No error in the record. The judgment is affirmed.

Affirmed.