### HUNTER v. STATE. (6 Div. 371.)

(Court of Appeals of Alabama. June 24, 1924. Rehearing Denied July 22, 1924.)

1. **Indictment and information ⟨key⟩110(12)— Original affidavit and amended complaint following language of statute held not subject to motion to strike or demurrer.**

In a prosecution for disturbing religious worship, original affidavit and amended complaint following language prescribed by Cr. Code 1907, p. 667, form 45, *held* not subject to motion to strike or demurrer.

2. **Criminal law ⟨key⟩448(1)—When opinion of witness derived from observation is admissible.**

Generally witnesses must testify to facts and are not permitted to express mere matters of opinion, but where a fact cannot be reproduced and made apparent to the jury the witness may describe the fact according to the effect produced on his mind, or, if from the nature of a particular fact better evidence is not obtainable, the opinion of the witness derived from observation is admissible.

3. **Criminal law ⟨key⟩448(11)—Reception of testimony that accused talked loud at religious worship held proper.**

In a prosecution for disturbing religious worship by noise, state witness was asked whether accused talked loud or low and the court permitted him to testify accused was "talking loud," *held* that the court did not err in admitting such testimony.

4. **Disturbance of public assemblage ⟨key⟩10—In prosecution for disturbing religious worship, evidence held admissible as tending to show willfulness of accused.**

In a prosecution for disturbing religious worship, evidence of accused's conduct and declarations at different times covering the period occupied in the religious worship, as during the preaching, *held* admissible as tending to show willfulness of accused in doing an act which disturbed the assemblage of people at such worship.

5. **Disturbance of public assemblage ⟨key⟩10—In prosecution for disturbing religious worship, evidence held relevant as tending to show loud talking disturbed members.**

In a prosecution for disturbing religious worship, testimony that members of the congregation turned their heads away from the preacher in the direction of accused while he was talking during the preaching *held* relevant as tending to show that the loud talking of accused disturbed them.

6. **Witnesses ⟨key⟩338—Witness may be impeached by evidence of general bad character in community in which he lives.**

A witness may be impeached by evidence of his general bad character in the community in which he lives, and the inquiry is not limited to his reputation for truth and veracity, but may be extended to the latter matter and to the question whether, from the knowledge of such character at the time of the trial, the impeaching witness would believe on oath the witness sought to be impeached.

7. **Criminal law ⟨key⟩1170(1)—Error in limiting inquiry of reputation to general reputation for truth and veracity held not prejudicial.**

Where accused sought to impeach state witness by inquiring into her general reputation in the community in which she lived, court's error in limiting such inquiry to witness' general reputation in that community for truth and veracity *held* not prejudicial, where such state witness stood impeached by other of accused's witnesses, and the state made no effort to sustain her.

8. **Criminal law ⟨key⟩763, 764(7)—Requested charge authorizing acquittal if jury believed evidence held properly refused.**

Where there was a conflict in the evidence, and the latter was ample to justify a verdict of guilty, requested charge that, if jury believed the evidence "in this cause you will find" accused not guilty, *held* properly refused.

9. **Disturbance of public assemblage ⟨key⟩1 — What act of accused authorized conviction for disturbing religious worship stated.**

If, in a prosecution for disturbing religious worship, the jury believed from the evidence beyond a reasonable doubt that accused willfully disturbed an assemblage of people met for religious worship by running his mule in a gallop up to the place of worship, a conviction was authorized.

10. **Criminal law ⟨key⟩763, 764(8)—Requested charge held properly refused as invading province of jury.**

In a prosecution of accused for disturbing religious worship by running his mule in a gallop up to place of worship, requested charge that jury could not convict accused under the evidence in the case "for his mule running up to or near the place of worship" *held* properly refused as invading province of jury.

11. **Criminal law ⟨key⟩789(15)—Charge that probability of accused's guilt would require acquittal was erroneous.**

A requested charge that, if there is a probability of defendant's guilt he must be found not guilty was erroneous.

12. **Criminal law ⟨key⟩1111(2)—Appellate court must review requested charge as it appears in record.**

Notwithstanding that a requested charge reading, "after considering all the evidence in this cause, if there is a probability of defendant's guilt you must find defendant not guilty," defendant's counsel probably intended to write "innocence" where "guilt" appeared in the

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

charge, the appellate court must take the requested charge as it appears in the record.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Loyd Hunter was convicted of disturbing religious worship, and appeals. Affirmed.

Charges 2 and 3, refused to defendant, are as follows:

"(2) If you believe the evidence in this cause you will find the defendant, Loyd Hunter, not guilty."

"(3) I charge you, gentlemen, you cannot convict this defendant, Loyd Hunter, under the evidence in this case for his mule running up to or near the place of worship."

J. B. Powell, of Jasper, for appellant.

Evidence that defendant was talking loud and that members of the audience turned and looked in his direction was improperly admitted. Nuckols, v. State, 109 Ala. 2, 19 South. 504; Black v. State, 83 Ala. 81, 3 South. 814, 3 Am. St. Rep. 691. Evidence of general bad character is admissible in a criminal case. Gregory v. State, 140 Ala. 16, 37 South. 259. Charge 4 states a correct proposition of law. Bones v. State, 117 Ala. 138, 23 South. 138.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The affidavit and complaint being in code form were not subject to demurrer. Code 1907, p. 667. Campbell v. State, 4 Ala. App. 104, 58 South. 125. There was no error in rulings on evidence. Fowler v. State, 8 Ala. App. 168, 63 South. 40; Hardeman v. State, 14 Ala. App. 35, 70 South. 979; 22 C. J. 631; Price v. State, 107 Ala. 162, 18 South. 130; 18 C. J. 1393. The refusal to allow defendant to show by witness Campbell the bad character of witness Tingle was error without injury.

FOSTER, J. The prosecution was commenced by affidavit charging that the defendant willfully interrupted or disturbed an assemblage of people met for religious worship by noise, profane discourse, or rude or indecent behavior at or near the place of worship. There was a conviction in the county court, and the defendant appealed to the circuit court. The state's solicitor filed a complaint in the circuit court, upon which the defendant was tried and convicted.

[1] The original affidavit and the amended complaint followed the language prescribed by the Code, and were not subject to the defendant's motion to strike or the demurrer. Criminal Code 1907, p. 667, form 45. Campbell v. State, 4 Ala. App. 104, 58 South. 125; 1 Mayf. Dig. 431, § 185.

[2, 3] The defendant objected to the following question propounded to a state's witness, "State whether he [the defendant] was talking loud or low." The court did not err in overruling the objection and in permitting the witness to testify that he was "talking loud."

"The general rule is that witnesses must testify to facts, and are not permitted to express mere matters of opinion. The rule has its boundaries and exceptions, which are as well defined as the rule itself. Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or, if from the nature of a particular fact better evidence is not obtainable, the opinion of a witness, derived from observation is admissible." Mayberry v. State, 107 Ala. 64, 18 South. 219; Hardeman v. State, 14 Ala. App. 35, 70 South. 979.

This court held, in Fowler v. State, 8 Ala. App. 168, 63 South. 40, that it was proper to permit a witness to testify that a report made by a firearm sounded like a rifle shot.

[4] It was competent for the state to introduce in evidence the conduct and declarations of the defendant at different times covering the period occupied in the religious worship—in the instant case, during the preaching—such evidence tending to show willfulness on the part of the defendant in doing an act which disturbed the assemblage. Adair v. State, 134 Ala. 183, 32 South. 326: Price v. State, 107 Ala. 161, 18 South. 130.

[5] The testimony that members of the congregation turned their heads away from the preacher in the direction of the defendant while he was talking during the preaching was revelant as tending to show that the loud talking of the defendant disturbed them.

[6] The court erred in sustaining the objection of the state to the following question, propounded by defendant's counsel to Ben Campbell, after the witness had testified that he had known Alice Tingle, a witness for the state, all of her life: "Do you know her general reputation from what the people say in the community in which she lives?" The court instructed counsel for defendant to "limit it to her general reputation for truth and veracity."

A witness may be impeached by evidence of his general bad character in the community in which he lives and the inquiry is not limited to his reputation for truth and veracity. Johnson v. State, 203 Ala. 30, 81 South. 820; Brown v. Moon, 196 Ala. 391, 72 South. 29; McQuire v. State, 2 Ala. App. 218, 57 South. 57; Byers v. State, 105 Ala. 31;[1] Yarborough v. State, 105 Ala. 43, 16 South. 758. The inquiry may be extended to his general character or reputation for truth and veracity in the neighborhood in which he lived, and whether, from the knowledge of such character at the time of the trial, the impeaching witness would believe the witness sought to be impeached on oath.

[1] 16 South. 716.

Davenport v. State, 85 Ala. 336, 5 South. 152; Johnson v. State, supra.

[7] The following witnesses, J. C. Skinner, Riley Humbree, Mrs. George Lane, Mrs. Adeline McCullor, testified they knew the general character of Alice Tingle, and that they would not believe her on oath. The state offered no testimony to sustain her character either generally or as to truth and veracity. She stood impeached by these witnesses without any effort on the part of the state to sustain her. In view of the foregoing, we hold that the error above shown was without injury to the substantial rights of the defendant.

[8] Charge 2, requested by the defendant was properly refused. There was a conflict in the evidence, and there was ample evidence to justify the verdict of guilty.

[9, 10] Charge 3 was faulty as invading the province of the jury. If the jury believed from the evidence beyond a reasonable doubt that the defendant willfully disturbed an assemblage of people met for religious worship by running his mule in a gallop up to the place of worship, the jury was authorized to convict.

[11, 12] Charge 4 reads as follows:

"After considering all the evidence in this cause, if there is a probability of defendant's *guilt* (italics ours) you must find the defendant not guilty."

The defendant's counsel probably intended to write "innocence" where "guilt" appears in the charge, but we must take it as we find it in the record. Certainly a probability of defendant's guilt would not authorize an acquittal.

We find no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

