## BROWDER v. STATE. (4 Div. 210.)

(Court of Appeals of Alabama. June 1, 1926. Rehearing Denied Aug. 31, 1926.)

1. **Criminal law ⬦451(1) — Statement that barrels on defendant's premises looked to have been just brought up and set in house was not inadmissible as conclusion.**

Statements by state's witness that barrels found on defendant's premises looked to have been just brought up and set in house was not expression of unauthorized conclusion, but shorthand rendition of fact.

2. **Criminal law ⬦763, 764(3, 4).**

"No evidence" charges are properly refused.

3. **Criminal law ⬦1173(3).**

Refusing charges which relate to counts of indictment on which there was acquittal is not error.

4. **Intoxicating liquors ⬦167.**

Charge predicating acquittal upon hypothesis that jury may think that some one other than defendant may have had possession of still is bad. Possession of still may be joint, and each joint possessor is guilty under law.

5. **Intoxicating liquors ⬦238(1).**

Where circumstantial evidence of possessing still was capable of supporting inference of defendant's guilt, to have affirmatively instructed in favor of defendant would have been improper.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

George Browder was convicted of violating the Prohibition Laws, and he appeals. Affirmed.

Ballard & Brassell, of Troy, for appellant.

The evidence was insufficient as the basis of a conviction. Frederick v. State, 20 Ala. App. 336, 102 So. 146; Parsons v. State, 19 Ala. App. 111, 96 So. 719; Moody v. State, 20 Ala. App. 572, 104 So. 142; Murphy v. State, 20 Ala. App. 624, 104 So. 686; Leith v. State, 20 Ala. App. 251, 101 So. 336; Twilley v. State, 20 Ala. App. 263, 101 So. 505. The question whether the barrels had been recently put where they were found called for a conclusion. 6 Ency. of Evi. 449; Tenn. & C. R. Co. v. Danforth, 112 Ala. 80, 20 So. 502. It was error to refuse the charges requested by defendant. Martin v. State, ante, p. 230, 106 So. 873.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The evidence was in dispute, and was properly submitted to the jury. Pellum v. State, 89 Ala. 28, 8 So. 83; Tatum v. State, 20 Ala. App. 436, 102 So. 726. The refusal of charges relating to counts as to which defendant was acquitted will not be considered. Culpepper v. State, 19 Ala. App. 387, 97 So. 611. Requested charges were invasive of the jury's province, and were well refused. Lindsey v. State, 19 Ala. App. 357, 97 So. 243. That barrels were recently placed where they were found was a fact that could not be reproduced in any other manner. Hunter v. State, 20 Ala. App. 152, 101 So. 100.

RICE, J. [1] The conviction was under those counts charging the possession of a still, and the evidence showed the presence on and about defendant's premises of the several parts of a still and barrels that had contained the stuff from which liquor is made. The statements by a witness for the state, in response to inquiry, that those barrels look to have been just brought up there and set in the old house where they were found, was not the expression of an unauthorized conclusion, but the shorthand rendition of a fact which could not be reproduced and made apparent to the jury. Hunter v. State, 20 Ala. App. 152, 101 So. 100.

[2] "No evidence" charges are properly refused. Suttle v. State, 19 Ala. App. 198, 96 So. 90; Conn v. State, 19 Ala. App. 209, 96 So. 640.

[3] There is no error in refusing charges which relate to counts of the indictment upon which there was an acquittal. Culpepper v. State, 19 Ala. App. 387, 97 So. 611.

[4] A charge predicating an acquittal upon the hypothesis that the jury be of the opinion that some other than defendant may have had possession of the still is bad. Possession may be joint, and each joint possessor is guilty under the law.

[5] The evidence was circumstantial, but

entirely capable of supporting an inference of defendant's guilt. For the court to have affirmatively instructed the jury in defendant's favor would have been an invasion of the jury's province.

The judgment is affirmed.

Affirmed.