# Albritton *v*. The State.

# Caffey *v*. The State.

### *Indictments for Throwing Missiles into Passenger Railroad Car.*

1. *Alibi as defense; charge as to.*—A charge instructing the jury, in a criminal case, that "an unsuccessful attempt to prove an *alibi* is always a circumstance of great weight against the defendant," does not assert a correct legal proposition, but is an invasion of the province of the jury, and constitutes reversible error.

2. *Same.*—A charge instructing the jury, in a criminal case, that "in order to make the defense of an *alibi* successful, and worthy serious consideration by the jury, it is essential that the evidence to establish it should cover and account for the whole time of the transaction in question, or at least so much of it as to render it impossible that the defendant could have committed the offense," does not assert a correct legal proposition, takes away from the defendant the benefit of a reasonable doubt on all the evidence, and constitutes reversible error.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The indictment in each of these cases charged that the defendant "wantonly or maliciously threw or cast a certain missile which was calculated to produce death or great bodily harm, to-wit, a rock or a stone, into or at a passenger car which was part of a train on the railroad of the Alabama Midland Railway Company, in which said car there was at the time a human being." On the trial, each of the defendants adduced evidence tending to prove an *alibi;* and each excepted to charges given by the court in reference to that defense. These charges are copied in the opinion.

SAYRE & PEARSON, for the appellants, cited *Porter v. State,* 55 Ala. 107; *State v. Josey,* 64 N. C. 59; *Pollard v. State,* 53 Miss. 423; *Spencer v. State,* 50 Ala. 125; 57 Cal. 628; 16 Ohio St. 583; 51 Ind. 172; *Stuart v. People,* 42 Mich. 255;

[Albritton v. The State; Caffey v. The State.]

State v. Jaynes, 78 N. C. 504; State v. Waterman, 1 Nev. 543; Com. v. Watson, 95 Penn. St. 418; Landis v. State, 70 Geo. 651; State v. Hardin, 46 Iowa, 623; State v. Watson, 7 S. C. 63; 49 Ind. 248; Chappel v. State, 7 Coldw. Tenn. 92; Davis v. State, 5 Baxt. Tenn. 612; People v. Pearsall, 50 Mich. 233; Miller v. People, 39 Ill. 457.

WM. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—At the instance of the prosecution, the court gave, in each of these cases, the following charge: "An unsuccessful attempt to prove an alibi is always a circumstance of great weight against the prisoner." Speaking in reference to this statement of the principle in Burrill on Cir. Ev. 519, as quoted from Wills, and from which the charge is copied, it is said in Porter v. State, 55 Ala. 95: "We are inclined to think Mr. Burrill states the principle too strongly. We can not perceive why a failure in an attempted proof of alibi should be visited with severer intendments than a failure in the attempt to prove any other fact in defense. Of course, a fraudulent attempt to prove a simulated alibi, sustained by perjury, will, when detected, be a circumstance of great weight against the prisoner. The connection in which Burrill employs the expression above copied tends to show that he had reference to an unsuccessful fraudulent attempt to establish an alibi. In that sense, we agree with him."

An alibi is not, in the strict and accurate sense, a special defense, but a traverse of the material averment in the indictment, that the defendant did or participated in the particular act charged, and is comprehended in the general plea, not guilty. Because susceptible of easy fabrication, and often attempted to be sustained by perjury, whereby the accused endeavors to break the net-work of facts and circumstances surely bringing him to conviction and punishment, the proof of an alibi is, and should be, subjected to careful scrutiny; but it is an error to assume that the law looks on such attempt with suspicion. A general prejudice against such attempt, it must be admitted, has resulted from the unquestioned fact, that an alibi is often forged, constituting an artifice or contrivance to shield the guilty. Such proof, however, is positive evidence, which, when founded in truth, negatives the defendant's presence at the time and place of the crime, and disproves the prima facie case made by the prosecution. In some cases it is the only resort accessible to the innocent for protection against a false accusation; and though subjected to more rigid scrutiny, should receive from the jury the same

consideration as any other evidence offered in denial or excuse. Being a defense which may be lawfully made, and which, in legal contemplation, is of the same favor as other lawful defenses, there can be no rule of law, founded on logic or principle, common sense or justice, which recognizes a distinction between the consequent weight of an unsuccessful attempt to establish an *alibi,* and of an unsuccessful attempt to prove any other material fact in defense.

In *Miller v. People,* 39 Ill. 457, Breese, J., speaking for the court, says: "Failing to prove an *alibi* should have no greater weight to convince a jury of the guilt of the prisoner attempting it, than the failure to prove any other important item of defense. A prisoner is entitled to rely on the facts in his favor he may suppose he is able to prove, and if he is so unfortunate as to fail in his proof, it should not, generally speaking, operate to his prejudice. Proof of an *alibi* is a defense as legitimate as any other, and the court should not say, lest it prejudice the minds of the jury, that failure to establish it should have great weight against the prisoner." The reason given by Mr. Wills for the principle stated by him—"because the resort to that kind of defense implies an admission of the truth and relevancy of the facts alleged, and the correctness of the inference drawn from them, if they remain uncontradicted"—is not logically the nature and effect of such defense. An *alibi* is not a defense of confession and avoidance, but, if established, merely negatives the guilt of the defendant. The charge is not a correct statement of the rule applicable to *alibi* evidence, and is an invasion of the province of the jury.

The court further charged, at the instance of the State, "In order to make the defense of an *alibi* successful, and worthy of serious consideration by the jury, it is essential that the evidence to establish this defense should cover and account for the whole time of the transaction in question, or at least so much of it as to render it impossible that the defendant could have committed the offense for which he is indicted." There are respectable authorities holding that, to successfully establish an *alibi,* the evidence must so cover the time when the offense is shown to have been committed as to preclude the possibility of defendant's presence at the time and place of its commission. In this statement of the rule we do not concur. It is undoubtedly true, that the value and effectiveness of the proof of an *alibi* largely depend upon the extent to which it embraces the period of the commission of the crime. In order to be *conclusive,* the entire time must necessarily be covered; but, without such completed extension, the evidence is ad-

[Warren v. The State.]

missible, and, in ordinary cases, worthy of consideration ; and though not conclusive, may be effectual to originate a reasonable doubt, which will entitle the defendant to acquittal. The strong and stringent rule asserted in the charge is not only inconsistent with, but contradictory of the fundamental rule, founded in justice and humanity, and resting on the presumption of innocence, that an acquittal must follow a reasonable doubt of the guilt of the defendant, engendered by the whole evidence. The proposition of the charge requires the defendant to affirmatively prove that it was impossible for him to have been present at the scene of the crime—tantamount, when proof of an *alibi* is attempted, to a requirement of proof of his innocence beyond a reasonable doubt. Evidence of an *alibi*, though insufficient of itself to establish that defense, should not be excluded from the consideration of the jury, nor should they be instructed, unless satisfied it is simulated, that the defense is not worthy serious consideration. Though it may not cover the entire time during which the crime may be shown to have been committed, or so much as to render it *impossible* that defendant could have committed the offense, it is sufficient if it reasonably satisfies the minds of the jury, or, in connection with the other evidence, generates a reasonable doubt that the prisoner committed the act. This rule is consistent with other universally recognized principles of the criminal law. and is supported by reason and by authority. *People v. Fing Absing*, 64 Cal. 258; *Landis v. State*, 70 Ga. 654; 48 Amer. Rep. 588; *Pollard v. State*, 53 Miss. 410; 6 Crim. Law Mag. 656.

Reversed and remanded.