# Jackson v. The State.

*Prosecution for Gaming.*

1. *Pleas and defense; alibi; charge to the jury.*—Where, in a criminal prosecution, the defendant sets up as a defense an alibi, it is not error for the court to instruct the jury at the request of the State that "If the defendant attempted to prove an alibi and failed, it is a circumstance that may be weighed against him."

2. *Gaming; betting at a public place; charge to the jury.*—In a prosecution for betting at a game of cards, played in a public place, a charge which withdraws from the jury the determination of the question as to whether or not, under the evidence, the house in which the

[Jackson v. The State.]

defendant is alleged to have bet at a game of cards is a public place, is erroneous.

3. *Same; same; sufficiency of evidence.*—Before there can be a conviction in a prosecution for betting at a game of cards played in a public place, the evidence must show that the defendant played in the game of cards and bet something on the game.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. E. B. WILKERSON.

The appellant, Phil Jackson, was prosecuted for betting at a game played with cards at a public house, or some other public place, or at an out-house where people resort, and was convicted. The prosecution was commenced by an affidavit made before the judge of the Pike county criminal court.

On the trial of the cause, as is stated in the bill of exceptions, "the State proved by three or four witnesses that defendant engaged in and played in a game of cards called skin, on which money was bet, and that he played the game at Kate Battle's house in Troy, Pike county, Alabama, on the 28th day of February, 1897, and that there had been playing there before, and that men were seen frequenting the said Kate Battle's house." The bill of exceptions then recites : "Here the State closed, and the defendant offered three or four witnesses who testified that the defendant, on the 28th day of February, 1897, took the 10 :30 a. m. train for Ozark, and that they went on the train with him to Ozark, Ala., which is about 40 miles away, that he got off the train at Ozark, and the next train to Troy was 7 p. m. the same day." This was all the evidence shown by the bill of exceptions ; and the court, at the request of the State, gave to the jury the following written charges, to the giving ing of each of which the defendant separately excepted : (1.) "If the defendant attempted to prove an alibi and failed, it is a circumstance that may be weighed against him." (2.) "The court further charges the jury that there is no evidence as to what part of the day the playing was done, and if the jury believe beyond a reasonable doubt that the defendant lost at a game played with cards at Kate Battle's house on the 28th of February, 1897, at any part of the day, and that it was in this county within 12 months before the beginning of this prosecution, then the defendant would be guilty."

[Jackson v. The State.]

PARKS & SON, for appellant, cited *Johnson v. State*, 75 Ala. 7; *Pickens v. State*, 100 Ala. 128.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Beavers v. State*, 103 Ala. 37; *Albritton v. State*, 94 Ala. 76; *McAnally v. State*, 74 Ala. 9.

HARALSON, J.—1. The law recognizes no distinction between the consequent weight of an unsuccessful attempt to establish an *alibi* as a defense, and an unsuccessful attempt to prove any other material fact in defense; and it is a well recognized principle that an attempt to prove any material fact in defense, followed by a failure, is a circumstance to be weighed against the party making it. There was no reversible error, therefore, in giving the first charge requested by the State. If the defendant apprehended the charge singled out and laid stress upon a single phase of the evidence, he should have asked an explanatory charge.—*Albritton v. The State*, 94 Ala. 76; *Kilgore v. The State*, 74 Ala. 1; *Pellum v. The State*, 89 Ala. 28.

2. The second charge requested by the State was erroneous. It withdrew from the jury the question for them to decide, whether or not, under the evidence, the house at which defendant is alleged to have played and bet at a game of cards, was a public place or not. *Nickols v. The State*, 111 Ala. 58, 60; *Johnson v. The State*, 75 Ala. 7. Moreover, it does not appear from the evidence, that either the defendant or any one of the persons who played in the game of cards, which the evidence tends to show was played at said house for money, bet anything on the game. From aught appearing, parties not engaged in the game may have done the betting.

Reversed and remanded.