# Tatum *v.* The State.

## *Indictment for Murder.*

1. *Homicide; circumstantial evidence; declarations of deceased as to anticipated difficulty with third person inadmissible in evidence.*—While on a trial under an indictment for murder, where evidence against the defendant is circum-

stantial, he has the right to introduce evidence to show that another committed the offense with which he is charged, it is not competent for the defendant in such case, for that or other purposes, to prove declarations made by the deceased before he was shot, and which were not a part of the *res gestae* of the shooting, concerning his previous or anticipated difficulty with a third person.

2. *Same; same; proof of motive as to third person inadmissible.* On a trial under an indictment for murder, in the absence of any testimony connecting a third person with the crime, proof of the notice on the part of any third person to kill the deceased is not admissible to exculpate the defendant.

3. *Same; charge as to alibi.*—On a trial under an indictment for murder, where, although there was no plea of *alibi* interposed, there was evidence introduced whereby the defendant sought to prove an *alibi*, a charge is not erroneous which instructs the jury that "if you believe from the evidence in this case that the plea of an *alibi* was not interposed in good faith, or that the evidence to sustain it is simulated, false and fraudulent, then this is a discrediting circumstance, to which you may look in connection with all the other evidence in determining the guilt or innocence of the defendant."

APPEAL from the Circuit Court of Autauga.

Tried before the Hon. A. H. ALSTON.

The appellant, James Tatum, was indicted, and tried for the murder of one James Webb, was convicted of murder in the first degree, and sentenced to the penitentiary for life.

The evidence for the State showed that James Webb was waylaid and killed by being shot with a shot gun in 1894; and the evidence for the State tending to connect the defendant with said killing was circumstantial. The defendant introduced evidence tending to show that at the time of the killing of Webb occurred, the defendant was not present, but was four or five miles from the place of the homicide.

The defendant offered to prove by a witness that on the morning of the killing, the witness asked the deceased why he was carrying a pistol, and that the deceased replied to him that one Rawlinson had threatened to kill him on sight, because of some attention deceased had been paying to a certain woman; that Rawlinson had snapped a gun in the face of the deceased

and had threatened to kill him on sight, and that the deceased had armed himself and was prepared to defend himself against Rawlinson in an emergency. The State objected to the introduction of this evidence, the court sustained the objection, excluded the evidence from the consideration of the jury, and to this ruling the defendant duly excepted. There was other evidence introduced by the defendant tending to show that there existed a motive on the part of Rawlinson to kill the deceased. This evidence was, upon objection of the State, excluded from the jury, and to this ruling the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—The evidence against defendant being circumstantial he had the right to adduce legal evidence to show that another committed the offense with which he was charged. But neither for that or other purpose was he privileged to prove declarations made by the deceased before he was shot and which were not of the *res gestae* of the shooting concerning his previous or anticipated difficulties with one Rawlinson. Testimony of such declarations would have been hearsay merely and, therefore, defendant's offer of such testimony was properly rejected.—*Dodd v. State,* 92 Ala. 61; *Jackson v. State,* 52 Ala. 305; *Mose v. State,* 35 Ala. 421; *Owensby v. State,* 82 Ala. 63.

In the absence of any testimony to connect Rawlinson with the crime, proof of a motive on his part to kill the deceased was not admissible to exculpate the defendant.—*Baker v. State,* 122 Ala. 1; *Josephine v. State,* 39 Miss. 613. Rawlinson's motives, however malignant, were while quiescent, not at all inconsistent with similar motives on defendant's part and his actual commission of the offense. For this reason the court properly refused to admit evidence to show deceased had prosecuted Rawlinson for an assault growing out of their attentions to a woman.

The court charged the jury among other things "if you believe from the evidence in this case that the plea of an *alibi* was not interposed in good faith, or that the evidence to sustain it is simulated, false and fraudulent, then this is a discrediting circumstance, to which you may look in connection with all the other evidence in determining the guilt or innocence of the defendant," and to this the defendant excepted.　　What was said of a plea of an *alibi* was inapt since there was not such separate plea, but it must have meant and been understood as having reference to that phase of the defense wherein an *alibi* was sought to be proven under the general issue.　So taken the charge was in line with the principles asserted in *Albritton v. State*, 94 Ala. 76, where it was said: "a fraudulent attempt to prove an *alibi* sustained by perjury will when detected be a circumtance of great weight against the prisoner."

No error is found in the record, and the judgment will be affirmed.