# Turney *v.* The State.

*Abusive, Insulting or Obscene Language.*

(Decided June 2, 1910. 52 South. 910.)

1. *Abusive Language; Evidence; Jury Question.*—The language used in this case stated and held susceptible of an obscene or vulgar meaning and to require a submission to the jury, as to whether such language to a female was insulting within the provisions of section 6217, Code 1907.

2. *Jury; Struck Jury.*—Section 4635, Code 1907, applies only to civil cases and there is no authority of law for demanding a struck jury in criminal cases.

3. *Same; Talesmen; Right to Summons.*—Where one of the juries is out in its room in the performance of its duties in the trial of another case, and the challenges reduced the number of jurors present in court below the number required, the trial court may under the provisions of section 7272, Code 1907, summons talesmen to complete the jury to try the defendant.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Willis Turney was convicted of using abusive, insulting, or obscene language in the presence or hearing of a female, and he appeals. Affirmed.

The evidence for the state tended to show that on Christmas morning Mrs. Sharp was in her lot, across the road from her home, and that the defendant came into the lot and asked if Mr. Sharp was at home, and was told that he was not. Another negro was with the defendant, but passed on by the lot and stopped some distance away. The defendant, after being told that Sharp was not at home, said: "Christmas gift; give me some fresh meat for a Christmas gift." Mrs. Sharp replied: "I have no fresh meat." Defendant said: "Give me some backbone." Mrs. Sharp: "I have no backbone." Defendant: Give me some spareribs." Mrs. Sharp: "I have none for you." Defendant:

"Give me some fresh meat for a Christmas gift, and I will give you something." Mrs. Sharp further testified that while talking to her defendant was in a shake all over, and she became frightened and went towards the house. Defendant followed a little way, but did not come to the house.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—Under the influence of *Carter v. State*, 107 Ala. 146, 18 South. 232, it must be held that the trial court properly submitted to the jury the inquiry whether the language attributed to the defendant by the state's witness, Mrs. Sharp, was, under the circumstances attending its utterance, within Code, § 6217, insulting. It cannot be ruled that, under all the circumstances, the language so attributed was not susceptible of a meaning vulgar or lewd, and hence, to a female, insulting.

This trial was had in March, 1909. The defendant demanded a "struck jury." It was refused him. Upon what authority this demand was made, or could be sustained, we are not advised, and have not been able to discern. The provision for "struck juries," made in Code, § 4635, had application to civil causes only. The absence of one jury serving the court trying this defendant, in the performance of its duty in the trial of another case, warranted the court in directing the summoning of the talesman to complete the jury to try this defendant.—Code, § 7272.

[Thrasher v. The State.]

After a careful review, we find no prejudicial (to defendant) error in respect of instructions, special or general, given by the court to the jury.

Affirmed.

SIMPSON, ANDERSON, and SAYRE, JJ., concur.