# Jones *v* The State.

## *Murder.*

(Decided April 11, 1912.   58 South. 250.)

1. *Charge of Court; Misleading; Duty to Request.*—Where a charge is deemed misleading, the objection thereto should be obviated by a request for an explanatory or supplementary request.

2. *Homicide; Self-Defense; Evidence.*—The fact that deceased had a pistol when killed, and that he and defendant had had a previous difficulty, and had made mutual threats, had no tendency to show self-defense on defendant's part at the time of the shooting.

3. *Same; Instructions.*—A charge asserting that when a defendant attempts to prove self-defense, the burden of proof is on him to prove it successfully, was correct and not misleading.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

John Jones was convicted of murder, and he appeals. Affirmed.

[Jones v. The State.]

ABRAHAMS & TAYLOR, for appellant. The court erred in giving the charge requested by the state. Successfully means in a successful manner, prosperously, favorably, and a defendant is required to do no more for his acquittal than to raise a reasonable doubt of his guilt.—*Hinson v. State,* 112 Ala. 41; *Ragsdale v. State,* 134 Ala. 24. It is therefore submitted that the cases of *Parham v. State,* 147 Ala. 61, and *Prater v. State,* 107 Ala. 26 should be overruled wherein they approve this charge. The charge was inapt and inappropriate in self defense, as self defense is a matter of law from proved facts.—*Plant v. State,* 140 Ala. 52. It is always essential that a charge on self defense should define the elements.—*Green v. State,* 143 Ala. 2; *Hatch v. State,* 144 Ala. 50; 94 Ala. 100; 68 Ala. 424.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The charge given for the state has been approved as to an alibi in the case of *Parham v. State,* 147 Ala. 57, and *Prater v. State,* 107 Ala. 26. Before the jury can say that they have a reasonable doubt of defendant's guilt, there must be successful proof of something which raises this doubt, and no good reason is advanced for overruling these cases. All presumptions in favor of the correct action of the trial court are indulged.—*Hearn v. State,* 62 Ala. 218.

MAYFIELD, J.—The defendant was indicted for the murder of Rufus Howard, by shooting him with a gun or pistol. The undisputed evidence showed the killing to have occurred as alleged. There was, however, evidence tending to show self-defense. The jury decided this issue against the defendant, and imposed the punishment of 25 years' servitude in the penitenti-

ary. The only errors insisted upon by defendant's counsel relate to self-defense, and we find none other which merit discussion.

The court, at the request of the prosecuting attorney in writing, charged the jury, among other things, as follows: "I charge you, gentlemen of the jury, that when a defendant attempts to prove self-defense, the burden of proof is upon him to prove it successfully." We are unable to see why there was any reversible error in the giving of this charge. It seems to us to be unquestionably correct, unless the last word in it, "successfully," could be said to make it incorrect. In fact, this is the only word which counsel for defendant insist renders it bad; but we do not think it renders it so bad, if bad at all, as to make the giving of it reversible error. It is conceded, of course, that the burden is on the defendant to prove self-defense, unless the evidence of the state proves it for him. The charge limits the proposition of law announced to cases where the defendant "attempts to prove self-defense." Of course, if he is not successful in his attempt, the attempt must fail. If the attempt fails, then the defense fails, unless the state has proved it, or generated a reasonable doubt in the minds of the jury as to the self-lefense.

If the charge was susceptible of this construction. or was open to the criticism of misleading the jury (but we do not intimate that it was), this tendency could and should have been corrected by an explanatory charge— which was not requested. Moreover, this record shows that the charge could not have had any such tendencies in this case because the only evidence offered which tended to show self-defense was offered by the defendant himself or his witnesses.

The mere fact that the deceased had a pistol when killed, and that he and the defendant had had a previous

difficulty, and had made mutual threats, while probably tending to show who provoked or brought on the difficulty did not tend to show self-defense, at the time of the killing, on the part of the defendant. There was no evidence of any aggression or any overt act on the part of the deceased, at the time of the difficulty, except that given by the defendant or his witnesses.

Charges similar to this have been frequently given, and held proper, in murder trials, when applied to the question of *alibi*. If good as to *alibi* assuredly they ought to be held good as to *self-defense*. Our decisions have varied somewhat, as to the burden of proof, the shifting of the burden of proof, and the sufficiency of the proof, in cases of alibi.

"The pendulum has probably swung too far in both directions; the mean between these two extremes is probably correct which is as follows: 'Evidence to support an alibi should be weighed, considered by the jury just as other evidence and in connection with all the other evidence, and if upon consideration of the whole evidence there is a reasonable doubt of defendant's guilt, he should be acquitted.' But charges which single out a part of the evidence and predicate an acquittal upon that part, or which are mere arguments of counsel, though they may be abstractly correct so far as they go, are properly refused by the trial court.—*Hatch v. State*, 144 Ala. 50, 40 South. 113. A charge as follows: 'The defendant sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it, and if by reason of the evidence in relation to such alibi you should entertain a reasonable doubt as to the defendant's guilt, he should be acquitted, although you may not be able to find that the alibi has been fully proven'—held good, and that it was error to refuse it.— *Hatch v. State*, 144 Ala. 50, 40 South. 113. DOWDELL

and DENSON, JJ., dissenting, hold the charge misleading and that it predicated an acquittal upon a part of the evidence."—6 Mayf. Dig. 22.

"An alibi is not in the strict and accurate sense, a special defense, but a traverse of the material averment in the indictment that the defendant did, or participated in, the particular act charged, and is comprehended in the general plea, 'Not guilty.'—*Albritton v. State,* 94 Ala. 76, 10 South. 426. Because susceptible of easy fabrication and often attempted to be sustained by perjury whereby the accused endeavors to break the network of facts and circumstances surely bringing him to conviction and punishment, the proof of an alibi is, and should be, subjected to careful scrutiny. Id."—1 Mayf. Dig. 33.

"A charge as to alibi was as follows: 'If you believe from the evidence in this case that the plea of an alibi was not interposed in good faith or that the evidence to sustain it is simulated, false, and fraudulent, then this is a discrediting circumstance to which you may look in connection with all the other evidence in determining the guilt or innocence of the defendant'—was held proper.—*Tatum v. State,* 131 Ala. 32, 31 South. 369. See *Albritton v. State,* 94 Ala. 76, 10 South. 426; *Beavers v. State,* 103 Ala. 36, 15 South. 616."—5 Mayf. Dig. 22.

The Supreme Court of Massachusetts, in the case of *Commonwealth v. Webster,* 5 Cush. 324, 52 Am. Dec. 711, said: "In the ordinary case of an alibi, when a party charged with a crime attempts to prove that he was in another place at the time, all the evidence tending to prove that he committed the offense tends in the same degree to prove that he was at the place when it was committed. If therefore the proof of the alibi does not outweigh the proof that he was at the place when the offense was committed, it is not sufficient."

[Travis v. The State.]

In the case of *Prater v. State,* 107 Ala. 27, 32, 18 South. 238, a charge was given, identical with the one in question, except that it referred to the defense of alibi instead of to self-defense; and this court said that the instruction was so manifestly correct as to need no discussion. This has been repeatedly reaffirmed.

Counsel for defendant in a very able and earnest brief, insist that these decisions are wrong and should be overruled. We cannot agree with counsel in this contention; but we have discussed the question at some length, out of deference to the earnest insistence of counsel.

It is practically conceded that, if the charge in question is good as to an alibi, it is good as to self-defense.

Affirmed. All the Justices concur.