[Wiley v. The State.]

# Wiley v. The State.

## Abusive Language.

(Decided February 12, 1914. Rehearing denied April 16, 1914.
65 South. 204.)

1. *Criminal Law; Amendment of Complaint; Presumption.*—Where the record does not show the contrary, it may be presumed that the complaint on which defendant was tried was but an amendment of the original one, which is permissibly allowed in the law and equity court after the case was brought into it by appeal.

2. *Same; Substitution of Complaint.*—Where the record proper does not show the ruling of the trial court on the motion to substitute the complaint on which defendant was tried, the same appearing only in the bill of exceptions, the question as to whether the substitution was properly made is not presented for review.

3. *Disorderly Conduct; Insulting Language; Jury Question.*—Whether or not the language used by a defendant in this case to a woman was, under the circumstances, insulting within the meaning of section 6217, Code 1907, is a question for the jury.

4. *Same.*—If the natural and necessary effect of the language used to the woman, under the circumstances, was to insult her, defendant was within the condemnation of section 6217, Code 1907, although defendant had in mind an innocent meaning.

5. *Charge of Court; Alibi; Effect.*—As the unsuccessful attempt of defendant to prove an alibi is a circumstance which may be weighed against him, it was not error to so charge.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Vest Wiley was convicted of using abusive, insulting, or obscene language in the presence, or within the hearing, of a female, and appeals. Affirmed.

The record shows a demurrer sustained to the affidavit, but does not show either the affidavit or the demurrer. The record further shows an amended affidavit; the amendment being made before the judge of the law and equity court. The words attributed to the defendant by Mrs. Johnson were: "Say, young lady, do you know of any woman that would let a fellow have a little pussy?" The circumstances detailed by the witness were that she was driving east and the defendant

coming west in a wagon, about half a mile from any dwelling; that defendant stopped his wagon, and she pulled her horse out of the road to go around him, and as he spoke the horse stopped, and he used the words set out above:

The following charges were refused to the defendant.

(a) Affirmative charge.

"(b) Under the evidence in this case, the words that the prosecuting witness testified the defendant used were not per se abusive, insulting, or obscene."

(c) Practically same as "b."

"(d) Standing alone, the words as testified to by the witness Johnson, are not abusive, insulting, or obscene."

"(e) Under the evidence in this case, the words, as testified to by the witness Johnson, as used by the defendant to her, are not per se insulting, obscene, or abusive, unless you find from the evidence that the defendant used said words with a wicked and corrupt intent; and, unless you find that the defendant used said words with a wicked or corrupt intent, you should find the defendant not guilty."

(f) Affirmative charge.

"(g) If you find from the evidence that the defendant had reference to a kitten or small cat, in language used to the witness Johnson, you should find him not guilty."

Charge given for the state:

"If the defendant attempted to prove an alibi and failed, it is a circumstance that may be weighed against him."

TIDWELL & SAMPLE, for appellant. The court erred in permitting the amendment to the affidavit, or in substituting the affidavit.—Section 6703, Code 1907; Acts

1909, p. 171.. The court erred in not excluding the evidence offered by the state, and in refusing to give the affirmative charge.—29 Cyc. 320; *State v. Cone,* 16 Ind. App. 350. The court erred in giving the charge requested by the state.—*Albritton v. State,* 94 Ala. 76; *Prince v. State,* 100 Ala. 146; *Beavers v. State,* 103 Ala. 36.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. There was no error in giving the charge requested by the state.— *Jackson v. State,* 117 Ala. 155. Under the evidence it was a question for the jury whether the words alleged to have been used were insulting or obscene within the meaning of section 6217, Code 1907, and the court properly submitted that question to them, and properly declined the charges requested by defendant.

WALKER, P. J.—The record not setting out the original complaint against the appellant nor showing before whom it was made, it may be presumed that the complaint upon which he was tried was but an amendment of the original one, allowed in the law and equity court after the case was brought into it by appeal. It was permissible to allow the complaint to be amended in such a case. But, whether the substitution of another complaint was properly allowed or not, no ruling of the court in that regard is shown by the record proper. As it appears here only in the bill of exceptions, it is not presented for review.—*Wright v. State,* 136 Ala. 139, 34 South. 233; *Simpson v. State,* 111 Ala. 6, 20 South. 572.

Under the evidence in the case, it was a question for the jury whether the language attributed to the defendant by the state's witness, Mrs. Johnson, was, in the circumstances attending its use by him, insulting, with-

in the meaning of section 6217 of the Code.—*Turney v. State,* 168 Ala. 128, 52 South. 910; *Carter v. State,* 107 Ala. 146, 18 South. 232. It follows that no error was committed in the refusal to give written charges "a," "b," "c," "d," "e," and "f."

If the natural and necessary effect of the defendant's conduct, on the occasion in question, was to insult a woman to whom he spoke, the result was not changed by the fact that he had in his mind a meaning which his words, used as they were, could not have conveyed to the person to whom they were spoken. Written charge "g" was properly refused, as obedience to it would have required an acquittal of the defendant, if the jury found that an expression used by him had reference to something wholly different from what must have been suggested to the person addressed by the manner and circumstances of its use.

The court did not commit reversible error in giving the written charge requested by the solicitor.—*Jackson v. State,* 117 Ala. 155, 23 South. 47.

Affirmed.