(75 South. 879)

FULLER v. STATE. (6 Div. 330.)

(Court of Appeals of Alabama. May 29, 1917. On Rehearing, June 15, 1917.)

1. CRIMINAL LAW ⟨⟩531(3) — EVIDENCE — CONFESSIONS.

Where it was affirmatively shown that accused's confession was made voluntarily without promises, threats, or inducements or intimidation of any character or manner, the confession was admissible in evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1215.]

2. CRIMINAL LAW ⟨⟩404(4) — EVIDENCE — CLOTHING.

In prosecution for murder, properly identified clothing worn by deceased at the time of his death is admissible in evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 873, 891, 893, 1457.]

3. HOMICIDE ⟨⟩151(3)—INSTRUCTIONS—BURDEN OF PROOF—SELF-DEFENSE.

It is not error to instruct that one accused of murder has the burden of proving his plea of self-defense.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 278.]

4. HOMICIDE ⟨⟩151(3) — SELF-DEFENSE—INSTRUCTIONS—BURDEN OF PROOF.

When defendant has established a pressing necessity on his part to take life which involves disproof of an opportunity to retreat safely, the onus is on the prosecution to show that he was at fault in provoking or bringing on the difficulty.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 278.]

5. CRIMINAL LAW ⟨⟩805(1)—INSTRUCTIONS—ELLIPSIS.

Requested instruction that "evidence of previous good character may along be sufficient to raise a reasonable doubt, when considered along with all the other evidence in the case," was properly refused as elliptical.

[Ed. Note.—For other cases, see Criminal Law. Cent. Dig. §§ 1958, 1989.]

6. CRIMINAL LAW ⟨⟩789(4)—HOMICIDE ⟨⟩ 286(2)—INSTRUCTIONS—ELLIPSIS.

A requested instruction that: "Before you can find this defendant of murder in the first degree, you must be satisfied beyond a reasonable doubt and to a moral certainty that defendant unlawfully and with malice aforethought killed the deceased. Now, gentlemen, 'malice' means hate, a premeditation. 'Aforethought' meaning that he recklessly and without regard to human life, without impending danger, either apparent or action. 'Willful' means that it was unlawful, and without provocation or disregard for human life, with a wicked design to take the life of his adversary. Yet the court charges you that, unless all these elements have been proven to your satisfaction by the state, beyond a reasonable doubt, you cannot convict defendant in the first degree, no matter how strong the circumstances or how suspicious the surroundings are"—was properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1846–1849, 1880, 1909, 1960, 1967; Homicide, Cent. Dig. §§ 587, 588–590.]

7. HOMICIDE ⟨⟩300(3)—INSTRUCTIONS—ELLIPSIS.

Requested instruction that, "if they believe from the evidence that B. F. towards the defendant to do him great bodily harm might be anticipated by defendant, and he was justifiable in acting quicker and more readily in defending himself than if B. F. had not been such bad character," was properly refused.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 617.]

8. HOMICIDE ⟨⟩300(3) — INSTRUCTIONS — ELLIPSIS.

Instruction that, "unless you believe beyond a reasonable doubt, and to a moral certainty, that defendant provoked and brought on the difficulty, and that he could not have escaped without an honest belief that by attempting to escape he would increase his peril by so doing, and that the circumstances were such at the time the fatal shot was fired, or blow struck, that you could not say beyond a reasonable doubt, and to a moral certainty, that defendant did not entertain an honest belief that his life was in danger of being taken by deceased, or that he would receive great bodily harm, then gentlemen, it would be your duty to find defendant not guilty," was properly refused.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 617.]

9. HOMICIDE ⟨⟩151(3) — PROVOKING DIFFICULTY—BURDEN OF PROOF.

The state does not have the burden of first proving that defendant was at fault in bringing on the difficulty, and that he took the life of deceased with a deadly weapon, and that he could not have reasonably escaped without increasing his peril.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 278.]

10. HOMICIDE ⟨⟩308(1)—INSTRUCTIONS—ELLIPSIS.

In prosecution for murder, requested instruction that: "I charge you that when a killing is done in any sudden rencounter or affray, caused by the assailant with the use of a deadly weapon which was concealed before the commencement of the fight or difficulty, deceased having no deadly weapon drawn, such killing is murder in the first degree, and, if deceased at the commencement of the affray had a deadly weapon drawn, it would not be murder in the second degree," was properly refused as omitting the element of malice as a constituent of murder in the first degree and as otherwise faulty.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 642.]

**11. CRIMINAL LAW ☞829(1) — INSTRUCTIONS —DUPLICATION.**

There is no error in refusing a requested instruction on self-defense, where that principle was substantially and fairly covered by the charge given.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011.]

Appeal from Law and Equity Court, Walker County; T. L. Sowell, Judge.

Harrison Fuller was convicted of murder in the second degree, and he appeals. Affirmed.

The following charges were refused to defendant:

(21) Evidence of previous good character may along be sufficient to raise a reasonable doubt, when considered along with all the other evidence in the case.

(22) Before you can find this defendant of murder in the first degree, you must be satisfied beyond a reasonable doubt and to a moral certainty, that defendant unlawfully and with malice aforethought killed the deceased. Now, gentlemen, "malice" means hate, a premeditation. "Aforethought" meaning that he recklessly and without regard to human life, without impending danger, either apparent or action. "Willful" means that it was unlawful, and without provocation or disregard for human life, with a wicked design to take the life of his adversary. Yet the court charges you that, unless all these elements have been proven to your satisfaction by the state, beyond a reasonable doubt, you cannot convict defendant in the first degree, no matter how strong the circumstances or how suspicious the surroundings are.

(23) The court charges that, if they believe from the evidence that Bud Fuller towards the defendant to do him great bodily harm might be anticipated by defendant, and he was justifiable in acting quicker and more readily in defending himself than if Bud Fuller had not been such bad character.

(23½) Unless you believe beyond a reasonable doubt, and to a moral certainty, that defendant provoked and brought on the difficulty, and that he could not have escaped without an honest belief that by attempting to escape he would increase his peril by so doing, and that the circumstances were such at the time the fatal shot was fired, or blow struck, that you could not say beyond a reasonable doubt, and to a moral certainty, that defendant did not entertain an honest belief that his life was in danger of being taken by deceased, or that he would receive great bodily harm, then, gentlemen, it would be your duty to find defendant not guilty.

(24) The burden is on the state first to prove that defendant was at fault in bringing on the difficulty, and that defendant took the life of deceased with a deadly weapon, and that defendant could not have reasonably escaped, without increasing his peril, and, if the state has not proven this beyond a reasonable doubt, then it would be your duty to find defendant not guilty.

(26) I charge you that when a killing is done in any sudden rencounter or affray, caused by the assailant with the use of a deadly weapon which was concealed before the commencement of the fight or difficulty, deceased having no deadly weapon drawn, such killing is murder if the first degree, and, if deceased at the commencement of the affray had a deadly weapon drawn, it would not be murder in the second degree.

(27) In weighing the evidence of confessions, you should weigh the same with great caution for the following reasons: First, because it is so hard for one person to repeat the exact words of another; second, because it is ofttimes difficult to remember the words spoken by another, especially after a lapse of 10 or 12 months; and, third, ofttimes the statements are testified to by friends or relatives of deceased, which might be biased to defendant.

(28) If defendant has proven to your satisfaction that he is a man of good character for quietude and peace, taking this, in connection with the other evidence in the case, may be sufficient to generate a reasonable doubt in your mind of his guilt, which would entitle defendant to an acquittal, but for said good character you would not have a reasonable doubt.

(29) Statements made in the nature of confession made by defendant should be scrutinized by you carefully for this reason: That it is so hard for one person to repeat the exact words of another, and because words spoken by a third party are susceptible of misinterpretation and misunderstanding.

(30) After considering all the evidence in this case, before you are authorized to convict defendant, you must first believe that defendant was not free from fault in bringing on the difficulty, and that he could not have retreated without increasing his peril, or that the conditions were such as would impress a reasonably prudent man that there was great danger of defendant losing his life, or receiving great bodily harm by retreating, and that defendant was in actual danger, or the appearance of actual danger was such as to leave him to the honest belief that there was actual danger at the time the fatal shot was fired, or the fatal blow struck; all of the above, before you are authorized to convict defendant, you must be satisfied from the evidence beyond a reasonable doubt.

M. L. Leith and Norman Gunn, both of Jasper, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. [1] The defendant was indicted 'for murder in the first degree, was tried, and convicted for murder in the second degree, and was given a sentence of 13 years in the penitentiary. The defendant killed his own father, and this fact is admitted. The deceased was shot three times, and some of the evidence for the state tends to show that, after he was shot down, the defendant mauled and beat him in the face and on the head and body with rocks, crushing some of the frontal bones of the face. There were no eyewitnesses to the killing, and the defendant sets up self-defense in justification. There are numerous exceptions to the evidence, and it is insisted that the court erred in its rulings thereon, and also in the giving and refusal of written charges and in portions of its oral charge to the jury. Several witnesses were permitted to testify to the confessions and admissions of the defendant. This testimony ,was objected to on the grounds that no proper predicate had been laid to authorize the admission of the evidence in regard to the defendant's confession of the crime. The predicate which had been proven met every requirement of the law, and affirmatively showed that the confessions were made by the defendant voluntarily and of his own accord, it having been shown that there were no promises of any kind

or character made to him by any one, neither were there any threats or inducements or any effort to intimidate him in any manner. The predicate was sufficient. Crain v. State, 166 Ala. 1, 52 South. 31. The evidence was properly allowed, and the court did not err in overruling the objections. Nor was there error in the court's ruling on the testimony of state's witness Short, as to the kind and character of the wounds upon the deceased and their location. This testimony was properly submitted to the jury, as the killing was admitted, and no injury could follow to the defendant by overruling the objections interposed by defendant.

[2] The state was properly allowed to introduce in evidence the clothing worn by the deceased at the time of his death. The clothing had been properly identified. Huguley v. State, 4 Ala. App. 31, 58 South. 814. There are numerous other questions relative to the ruling of the court on the evidence. We are of the opinion, however, that these questions need no separate treatment here. Suffice it to say that they have been given careful consideration, and found to be without merit, and a discussion thereof is not deemed necessary.

[3, 4] Exception was reserved to a portion of the oral charge wherein the court stated that "the defendant has the burden to prove his plea of self-defense." In this there was no error. Jones v. State, 176 Ala. 20, 22, 58 South. 250; Roberson v. State, 183 Ala. 43, 57, 62 South. 837. Especially was there no error in this instance when the portion of the oral charge excepted to is taken in connection with the whole charge of the court, for the charge as a whole properly defined self-defense, and in no manner departed from the well-settled rule of law in this state, which is that when the defendant has established a pressing necessity on his part to take life, which involves disproof of an opportunity to retreat safely, the onus is on the prosecution to show that he was at fault in provoking or bringing on the difficulty. Gibson v. State, 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; Roberson v. State, supra. An isolated part of an oral charge may, if considered as standing alone, unaided by that which preceded and that which followed, be reversible error; but when taken in connection with all of the oral charge and in connection with the written charges, as we must take it, be free from error, and hence no injury would follow.

[5] Refused charge 21 is elliptical, in that it uses the word "along." It was probably intended for the word "alone"; there was no error in its refusal.

[6-8] Refused charges 22, 23, and 23½ are patently bad, for reasons too numerous to mention, and their infirmities need no discussion or citation of authorities.

[9] Refused charge 24 is not the law, and there was no error in its refusal. It places the burden upon the state of proving the defendant's plea of self-defense.

[10] The rule of law undertaken to be embodied in refused charge 25 was substantially and fairly given to the jury in the court's general charge. This charge as presented omits the element of malice as a constituent of murder in the first degree, and was otherwise faulty.

Refused charges 26, 27, 28, and 29 are either bad, argumentative, abstract, elliptical, or unintelligible, and their refusal was without error.

[11] Refused charge 30 undertakes to state the law of self-defense. Aside from the charge being structurally bad and involved, the defendant received the full benefit of this phase of the law in the court's general charge to the jury. The principle of law involved in this charge was substantially and fairly covered by the oral charge of the court, and therefore there was no error in its refusal.

There being no error in the record, the judgment of the lower court is affirmed.

Affirmed.

## On Rehearing.

We have carefully considered the application for rehearing, which is confined to one proposition, and that is that portion of the oral charge of the court excepted to, defining the law of self-defense. This question has been fully discussed in the original opinion in this case, and, upon a re-examination thereof, we are convinced that the holding therein is sound, and as a further authority the case of Miller v. State, 107 Ala. 40, 58, 19 South. 37, is cited.

Application overruled.