(91 South. 890)

## THREET v. STATE.   (6 Div. 852.)

(Court of Appeals of Alabama.   Jan. 10, 1922.)

**1. Criminal law ⬅➡1129(1)—Assignments of error are permitted, but not necessary.**

Assignments of error calling specifically to the attention of the court the rulings of the trial court below, which are claimed to have affected the substantial rights of defendant, are not required in a criminal case, but are permissible and good practice.

**2. Criminal law ⬅➡761(18)—Charge on effect of failure to prove alibi held not to assume failure.**

A charge that alibi was a good defense if proved, and that it was for the jury to say whether or not it had been proved, and that when an alibi is attempted to be proven, and defendant fails in establishing it, the jury may consider that circumstance on the question of his guilt, did not assume that defendant had failed to prove his alibi.

**3. Criminal law ⬅➡319, 775(5)—Effect of failure to prove alibi stated; court can charge failure to prove alibi is circumstance throwing light on guilt.**

While a failure in an attempt to prove alibi should not subject defendant to severer intendments than a failure to prove any other defense, an unsuccessful attempt to prove any defense is a circumstance to be weighed against the party making it, so that a charge that the failure to prove alibi could be considered on the question of defendant's guilt was not erroneous.

**4. Criminal law ⬅➡829(1)—Refusal of requested charge covered by charge given is not erroneous.**

It was not error to refuse a special charge requested by accused which was sufficiently covered by one given charge and substantially covered by another.

**5. Criminal law ⬅➡404(3)—Admission of pistol found in defendant's home resembling one used proper.**

In a prosecution for robbery, it was not error to admit in evidence a pistol found hidden in defendant's dwelling which answered the description of the pistol used in the perpetration of the robbery.

**6. Criminal law ⬅➡1170½(1)—Witnesses ⬅➡248(2)—Sustaining objection to irresponsive answer to question held harmless; answer of witness held not responsive.**

In a prosecution for robbery, the answer of a witness to a question, "What did you do?"

that "he stopped there and had him pull off his coat," was not responsive to the question, and, if it had been, the ruling of the trial court in sustaining the solicitor's objection to the answer could not possibly have substantially injured defendant.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Henry Threet was convicted of robbery, and he appeals. Affirmed.

Andress & Coffman, of Birmingham, for appellant.

Court erred in its oral charge as to defendant's alibi. 112 Ala. 47, 21 South. 79; 94 Ala. 18, 10 South. 665; 94 Ala. 76, 10 South. 426; 100 Ala. 144, 14 South. 409; 15 Ala. App. 594, 74 South. 724. Counsel discuss the refused charges and the testimony, but without further citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. From a judgment of conviction for robbery the defendant appeals.

[1] Counsel for appellant assigns errors, thus calling specifically to the attention of this court the rulings of the court below wherein the contention is made that the substantial rights of the defendant were injuriously affected. While the assignment of error in a criminal case is not required, it is nevertheless permissible and good practice. Null v. State, 16 Ala. App. 542, 79 South. 678.

[2] The first assignment relates to a portion of the court's oral charge where the court said:

"If he fails in establishing his alibi, the jury may take into consideration that circumstance as throwing light on the question of whether he is guilty or not."

The contention is made that this portion of the court's charge "is too strong and assumes that the alibi had not been proved." In this we cannot agree, for, when the court's charge on this subject as a whole is considered, it clearly appears there was no invasion of the province of the jury in this connection, and that the question as to whether or not the testimony of defendant and his witnesses was sufficient to reasonably satisfy the jury relative to his alibi was clearly left to the determination of the jury. In this connection the court said:

"Now, gentlemen, there has been some testimony here tending to show an alibi for this defendant. That is, an attempt on his part to show that he was not at the place where this robbery is alleged to have been committed, at the time that it was committed. Now, that is the best sort of a defense, that is, when it is proven, and it is for you to say whether it has been proven or not. You heard the evidence on that. The law is this: That when an alibi is attempted to be proven, or has been undertaken to be made to show that the defendant was at some other place than where the crime is alleged to have been committed, at the time, if he fails in establishing his alibi, the jury may take into consideration that circumstance as throwing light on the question of whether he is guilty or not."

[3] While it is true that a failure in an attempted proof of alibi should not be visited with severer intendments than a failure in the attempt to prove any other material facts in defense (Albritton v. State, 94 Ala. 76, 10 South. 426), and that the law recognizes no distinction between the consequent weight of an unsuccessful attempt to establish an alibi as a defense and an unsuccessful attempt to prove any other material fact in defense, it is also a well-recognized principle that an attempt to prove any material fact in defense, followed by a failure, is a circumstance to be weighed against the party making it.

This statement of the court complained of appears to be fully authorized by the following authorities: Jackson v. State, 117 Ala. 155, 23 South. 47; Tatum v. State, 131 Ala. 32, 31 South. 369; Jones v. State, 176 Ala. 20, 58 South. 250; Crittenden v. State, 134 Ala. 145, 32 South. 273; Wray v. State, 2 Ala. App. 139, 57 South. 144; Wiley v. State, 10 Ala. App. 249, 65 South. 204.

In second assignment, appellant contends that the court erred in refusing the general affirmative charge in his behalf. There is so clearly no merit in this contention discussion is unnecessary. There was ample evidence introduced by the state to sustain the verdict of the jury, and it cannot seriously be contended that no jury question was presented.

[4] The third assignment of error relates to the refusal of the court to give at request of defendant charge 5. As this charge was fully covered by given charge 2, and substantially covered by given charge 3, no error follows the refusal of charge 5, even if said charge was not otherwise properly refused.

Assignment of error No. 4 is based upon the court's refusal to grant a new trial to appellant. A careful examination of this question fails to disclose any error in this ruling, as nothing appears on the hearing of said motion to justify the court in setting aside the verdict of the jury.

[5, 6] Assignments of error 5 and 6 relate to the court's rulings upon the admission of testimony. There was no error in permitting the introduction of the pistol in evidence. This pistol was shown to have been found, hidden away, in the dwelling of defendant, and was also of same description as pistol used in the perpetration of the robbery complained of, as testified to by witness Criswell. It was properly admitted. And no error of a reversible nature was committed

in sustaining the objection of the solicitor to the answer of witness Hunt, who, in reply to the question, "What did you do?" answered, "He stopped there and had him pull off his coat." This answer was not responsive to the question; but, if it had been, there is nothing in connection with this ruling which could possibly injuriously affect the substantial rights of the defendant.

This disposes of all the assignments of error. We have, however, searched the record for error apparent thereon, and for other questions reserved to the court's ruling as shown by the bill of exceptions, as is our duty.

No error appears. It follows that the judgment of the circuit court must be affirmed.

Affirmed.