(92 South. 531)

## SUTTLE v. STATE. (2 Div. 243.)

(Court of Appeals of Alabama. Jan. 17, 1922. Rehearing Denied Feb. 22, 1922.)

**1. Jury ⬅80—Jurors impaneled and engaged in trial of another case held properly omitted from list of those eligible to try capital cases.**

Under Acts 1919, p. 1039, § 32, providing for impaneling of juries in capital cases, and that the court must inquire into and pass upon qualifications of all persons appearing in court in response to the summons to serve as jurors and shall cause the names of all those whom the court may hold to be competent to try defendant to be placed on lists, jurors impaneled and engaged in the trial of another case in the same court were properly omitted from the list from which the jury was selected; it being within the discretion of the trial court to exclude them or delay the trial until their temporary disqualifications should be removed.

**2. Witnesses ⬅350 — Question by solicitor to witness, as to whether he had been formerly convicted for a crime, held not error.**

The question of a solicitor, "You got a little sentence for stealing some chickens," was in effect an inquiry as to the conviction of the witness on a charge of larceny, and was permissible.

**3. Criminal law ⬅459—Exclusion of testimony of witness, who had not qualified as expert, whether shots were fired by large or small pistol, held error.**

In a prosecution for murder, in which a material inquiry was whether the shooting which resulted in the killing was done by one pistol or two, and two pistols were in evidence of large caliber and small caliber, after a nonexpert witness had qualified as to his experience and knowledge of firearms and the different reports pistols of large and of small caliber would make, exclusion of his opinion whether the shots fired were from the large or from the small caliber pistol in evidence was error.

**4. Criminal law ⬅459—Nonexpert not competent to testify as to probable penetration of flesh by bullet.**

In a prosecution for murder, a witness, who had not qualified as an expert as to the penetration of bullets in human flesh when fired by a pistol, was not competent to testify that in his opinion a bullet fired from the largest pistol offered in evidence would have gone entirely through a dead man's body.

**5. Affidavits ⬅18—Exclusion of ex parte affidavits held proper.**

In a prosecution for murder, in which two persons were indicted, on the trial of one of them, excluding the ex parte affidavit of the other was proper.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 376.

**6. Criminal law ⬅811(2)—Refusal of charge singling out part of evidence on which to predicate an acquittal held proper.**

In a prosecution for murder for which two persons were indicted, on trial of one refusal of a charge that if the jury believed that the deceased told the truth when he stated to a witness that the other accused person shot the deceased, to acquit the accused on trial, was proper, since it singled out part of the evidence on which to predicate an acquittal.

**7. Witnesses ⬅317(1)—Charge as to disregarding testimony of witness held not to state law.**

An instruction that the jury could look to the demeanor of each witness while testifying in connection with what the witness testified to, and if from this rule of law the jury should believe that a certain witness testified willfully false as to any material facts, to reject the witness' entire evidence, was not a correct statement of the rule as to impeached witnesses.

**8. Criminal law ⬅829(1) — Refusal of a charge duplicated in a given charge not error.**

In a prosecution for murder, refusal of a charge which stated a correct proposition of law, and which was an exact duplicate of a given charge, was not error.

**9. Homicide ⬅297—Refusal of charge as to liability for homicide if accused was acting as a peacemaker held proper.**

In a prosecution for murder, for which two persons were indicted, on the trial of one of them who claimed to have been acting as a peacemaker, the refusal of an instruction that to determine whether the accused was a peacemaker the jury should consider whether the accused had stopped fighting or quit fighting in connection with what he did when fighting was going on between the deceased and other person indicted, in determining from all the evidence whether the accused was a peacemaker, and, if he was only a peacemaker, to acquit him, was proper, since the charge was confusing, and the accused may have been a peacemaker at one time during the fight and afterward assumed the part of a participant, and if the accused aided and abetted the killing, though he did not actually shoot, he might be guilty.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Henry Suttle and Luke Hartley were indicted for murder in the first degree for the killing of Alvary Fikes by shooting him with a pistol. Henry Suttle was convicted of murder in the second degree, and he appealed. Reversed and remanded.

The following charges were refused to the defendant:

(2) I charge you that, if you believe from the evidence that Fikes told the truth when he told Mr. Fair that Luke Hartley shot him, then it will be your duty to acquit the defendant.

(3) You can look to the demeanor of each witness while he or she was testifying, in connection with what the witness testified to, and if, from this rule of law I give you, you should believe that the witness Cora Davidson testified willfully false as to any material facts, then it will be your duty to reject her entire evidence.

(5) To determine whether or not the defendant was a peacemaker, it will be your duty to consider that the defendants had stopped fighting or quit fighting, in connection with what he did when the fighting was going on between Fikes and Hartley in the restaurant, in determining from all the evidence whether or not defendant was a peacemaker, and, if you find from all the evidence that he was only a peacemaker, then it will be your duty to acquit him.

(6) Henry Suttle and Luke Hartley are indicted jointly in this case for killing Fikes by shooting him with a pistol, and if you believe from all the evidence that Suttle had no motive for shooting Fikes, and Hartley did have motive to shoot Fikes then it will be your duty under all the evidence in the case to determine which one did the shooting, and if under this rule of law you should conclude from all the evidence that Suttle did not shoot Fikes, then it will be your duty to acquit him.

S. D. & C. D. Logan, of Centerville, for appellant.

The action of the court amounted to his excusing twelve jurors, which he cannot do. 102 Ala. 111, 15 South. 810; 86 Ala. 45, 5 South. 432; 83 Ala. 20, 3 South. 547. The court erred in not permitting Fair to state as to whether the sound was that of a smaller or larger pistol. 75 Ala. 411; 50 Ala. 537; 30 Ala. 432; 27 Ga. 283. The court erred in sustaining objections to the affidavit of Luke Hartley. 100 Ala. 144, 14 South. 409; 58 Ala. 349; 72 Ala. 526; 82 Ala. 63, 2 South. 764; 136 Ala. 43, 33 South. 892. Counsel discuss the charges refused, but without further citation of authority.

Harwell G. Davis, Atty. Gen., Marion Rushton, Asst. Atty. Gen., and J. Fritz Thompson, of Centerville, for the State.

The court did not err in declining to let the witness Fair state his opinion as to whether it was a larger or smaller pistol that fired. 194 Ala. 51, 69 South. 125; 143 Ala. 28, 38 South. 919; 22 C. J. 526. Counsel discuss other assignments of error, but without further citation of authority.

SAMFORD, J. [1] Under Act 1919, p. 1039, § 32, providing for the impaneling of juries in capital cases, on the day set for trial, if the cause is ready for trial, the court must inquire into and pass upon the qualifications of all the persons who appear in court in response to the summons to serve as jurors, and shall cause the names of all those whom the court *may hold to be competent* (italics ours) to try the defendant to be placed on lists. Jurors impaneled and engaged in the trial of another case in the same court are properly omitted from the

list from which the jury is to be selected; it being within the discretion of the trial court to so exclude them or to delay the trial until their temporary disqualification should be removed.

[2] It has frequently been held that it was not error to allow a witness to be asked if he had not been convicted of a certain crime involving moral turpitude, and while the question asked by the solicitor, "You got a little sentence for stealing some chickens?" was facetious and might tend to a lowering of the dignity of a cross-examination, it was in effect an inquiry as to the conviction of the witness on a charge of larceny and as such was permissible.

[3] A material inquiry in this case was as to whether the shooting which resulted in the killing was done by one pistol or two. There were two pistols in evidence, one of large caliber and one of a smaller caliber; the one of large caliber being owned by defendant, and the smaller by Luke Hartley, who is jointly charged with the murder. The defendant had introduced evidence tending to prove that all of the shots were fired from the same pistol, and then sought to prove whether the shots were fired from the large or small pistol. To do this the witness Fair was first qualified as to his experience and knowledge of firearms and the different reports pistols of large and small caliber would make. He was then asked as to his opinion as to whether the shots fired were from the large or small caliber pistol in evidence. He was not permitted to answer this question, and to this action of the court exception was reserved. To be allowed to testify as to this he did not have to qualify as an expert, as he was shown to have been acquainted with the thing about which he was called on to testify and concerning which special training or skill is not required. Key v. State, 8 Ala. App. 2, 62 South. 335. In Noel v. State, 161 Ala. 25, 49 South. 824, it is held that a nonexpert may testify as to the sound of two shots, that being the simplest and best way to get at the facts sought to be proved, and this rule is followed in Rowlan v. State, 14 Ala. App. 17, 70 South. 953, in which case is cited Mayberry v. State, 107 Ala. 67, 18 South. 219; Bullington v. State, 13 Ala. App. 61, 69 South. 319; Kroell v. State, 139 Ala. 1, 36 South. 1025; L. & N. Ry. v. Stewart, 128 Ala. 313, 29 South. 562; Fowler v. State, 8 Ala. App. 168, 63 South. 40. The witness should have been permitted to testify, and the refusal of the court to so rule was prejudicial error.

[4] The witness Fair, not having qualified as an expert as to the penetration of bullets into human flesh when fired by a pistol, could not testify that in his opinion a bullet fired from the largest pistol offered in evidence would have gone entirely through the dead

man. Orr v. State, 117 Ala. 71, 23 South. 696.

[5] There can be no doubt of the correctness of the court's ruling in excluding the ex parte affidavit of Luke Hartley. In trials of this kind ex parte statements even under oath are not admissible.

We have carefully noted that part of appellant's brief, filed by his able counsel, in which he incorporates the affidavit of Luke Hartley, the party jointly indicted with this defendant, and also the ex parte statement of appellant's counsel as to the character of defendant; but these, of course, can have no weight in a determination of the law as we find it, and appellant's counsel so recognizes.

Refused charge 1 was the general charge and was properly refused.

[6] Refused charge 2 singles out a part of the evidence upon which to predicate an acquittal.

[7] Refused charge 3 does not correctly state the rule of evidence as to impeached witness, as it obtains in this state.

[8] Refused charge 4, which states a correct proposition of law, is an exact duplicate of given charge 20.

[9] Refused charge 5 is confusing, and besides the defendant may have been a peacemaker at one time during the fight and afterwards assumed the part of a participant.

Refused charge 5 also tended to confuse the issues. If Suttle aided and abetted the killing, though he did not actually shoot, he might be guilty.

For the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

---

⬅⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied Ex parte State ex rel. Attorney General, 93 South. 924.