142 So. 580

## THACKER v. STATE.

### 6 Div. 998.

Supreme Court of Alabama.

Oct. 22, 1931.

Rehearing Denied Dec. 3, 1931.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

L. D. Gray, of Jasper, for respondent.

**2**

FOSTER, J.

■ Charge B, the giving of which was held by the Court of Appeals to be reversible error, has been in effect held by this court not to be an incorrect statement of the law and not reversible error to give it. Tatum v. State, 131 Ala. 32, 31 So. 369; Crittenden v. State, 134 Ala. 145, 32 So. 273; Jones v. State, 176 Ala. 20, 24, 58 So. 250; Porter v. State, 55 Ala. 95.

■ Likewise charge C has been approved by this court and the Court of Appeals. Jackson v. State, 117 Ala. 155, 23 So. 47; Kilgore v. State, 74 Ala. 1; Porter v. State, 55 Ala. 95, 107; Wray v. State, 2 Ala. App. 140, 57 So. 144; Wiley v. State, 10 Ala. App. 249, 65 So. 204; Threet v. State, 18 Ala. App. 342, 91 So. 890. The subject has also been treated to the same effect in a note in 14 A. L. R. 1439.

The charge in State v. Tobe Johnson, 24 Ala. App. 291, 135 So. 592, 593, is not, we think, the same in effect as charges B and C on this appeal. It is said in that case that a charge is not correct which asserts that evidence of an alibi should be considered with great caution, for that it is so easily manufactured. This does not, in our opinion, conflict with what has been said respecting charges B and C in the cases cited above. We cannot, therefore, agree with the Court of Appeals that the giving of either of them was erroneous to reversal.

■ The statement by the witness Willingham that the shots "sounded like a rifle" would undoubtedly be free from objection, unless the witness disqualified himself to make such a statement. Fowler v. State, 8 Ala. App. 168, 63 So. 40; Louisville & N. R. Co. v. Hayward, 201 Ala. 9, 75 So. 22; Hunter v. State, 20 Ala. App. 152, 101 So. 100; Noel v. State, 161 Ala. 25, 49 So. 824; Suttle v. State, 18 Ala. App. 411, 92 So. 531; Rowlan v. State, 14 Ala. App. 17, 70 So. 953; Mayberry v. State, 107 Ala. 64, 18 So. 219.

The Court of Appeals held that the statement of the witness, in effect, that he could not say that he knew the difference between a rifle shot and a pistol shot, disqualified him from expressing a description of the shots, that they sounded like (those of) a rifle.

Our judgment is that the fact that the witness states that he could not say that he knew (that is, we suppose, under all circumstances) the difference in the sound of rifle and pistol shots, does not show that the circuit court was wrong in its ruling that the witness may thus describe them to the jury on the occasion in question. The evidence so given is said to be a description of the sound and not an objectionable opinion.

In the Fowler Case, supra, there was no preliminary evidence mentioned in the report of it as to the knowledge of the witness as to such matters. In the absence of evidence to the contrary, the court in that case seemed to have assumed that men usually have such experience and observation as to render competent that kind of evidence.

We have therefore reached the conclusion that the judgment of the circuit court should not be reversed on account of the rulings treated by the Court of Appeals.

A writ of certiorari is therefore awarded, the judgment of that court reversed, and the cause remanded to it for final disposition.

Writ awarded.

GARDNER, THOMAS, BOULDIN, and BROWN, JJ., concur.

ANDERSON, C. J., dissents on the last point treated, but concurs in the treatment of the charges.

SAYRE, J., not sitting.